[No. 30616.   Department One.   October 21, 1948.]

G. J. Valentine, *Respondent,* v. Grace Valentine,
*Appellant.*[1]

*Gus L. Thacker,* for appellant.

*H. E. Donohoe,* for respondent.

Beals, J.—The plaintiff, Guido J. Valentine (generally known as Frank Valentine), a bachelor past forty years of age, and a lifelong resident of Lewis county, Washington, during the early spring of 1947, became acquainted with the defendant, then, or soon thereafter, known as Grace Feinstein.  After procuring a license, in Lewis county, the couple went through a marriage ceremony, September 20,

[1]Reported in 198 P. (2d) 494.

1947, and lived together until November 13th following, on which date they separated.

Mr. Valentine, as plaintiff, November 18, 1947, filed his complaint with the clerk of the superior court for Lewis county, alleging that, at the date of the performance of the marriage ceremony above referred to, the defendant was the wife of one Marion A. Lilly, which fact was unknown to the plaintiff, and that the marriage ceremony was void and should be annulled.

The defendant appeared in the action and, by her answer, admitted the allegations of plaintiff's complaint above referred to, it being undisputed that, on the day the parties to this action went through the marriage ceremony, the defendant was, in fact, the wife of Marion A. Lilly, and that she remained his wife until September 24, 1947, when a decree of divorce was entered, dissolving the marriage theretofore existing between her and Mr. Lilly.

In his complaint, plaintiff further alleged that, in contemplation and consideration of the marriage of the parties, he had turned over to defendant personal property and a considerable amount of money; that the defendant was the owner of a tract of land in Lewis county, described as follows:

"The north one-third of the Southwest Quarter of Section 24, Township 12, North of Range 2, West of the Willamette Meridian, being approximately 53.34 acres, more or less,"

which was subject to a past-due mortgage, and that plaintiff had, at defendant's request, paid and satisfied the mortgage, relying upon defendant's promise to give him a note and mortgage on the property, as security for the money so advanced, or, in the alternative, to convey to him a half interest in the land, but that the defendant had refused to convey to him any interest in the land or to give him a note secured by a mortgage thereon.

Plaintiff prayed for a decree declaring the marriage between the parties to be void and annulled; that plaintiff be awarded judgment against defendant for the money due him

from her, and that the judgment be made a first lien upon the real property owned by defendant.

The defendant, by her answer, after admitting the allegations of plaintiff's complaint to the effect that the marriage between the parties was void, denied that she was indebted to plaintiff in any sum in excess of $387.

A few days after filing his complaint, the plaintiff moved for an order restraining the defendant from selling, transferring, or encumbering her real estate and certain personal property, and, November 28, 1947, the court signed an order temporarily restraining the defendant from conveying or encumbering her real estate and certain personal property.

Thereafter, the defendant filed a demurrer to plaintiff's complaint and moved that "the restraining order be dismissed," as improvidently entered. By order filed December 8, 1947, the trial court overruled the defendant's demurrer and denied her motion, and, the same day, entered an injunction *pendente lite,* restraining defendant from disposing of or encumbering certain described personal property and the tract of real estate above described.

The action came on regularly for trial January 15, 1948, and resulted in the entry of findings of fact and conclusions of law in favor of the plaintiff, followed by a decree annulling and declaring void the marriage between the parties, awarding plaintiff judgment against defendant for the sum of $3,520.56, and making the judgment a first lien against defendant's tract of real estate. The decree provided that the judgment bear interest at the rate of five per cent per annum, and that the lien of the judgment might be foreclosed if not paid within two years.

The decree awarded to the defendant certain personal property, and the real estate, free and clear from any claim on the part of plaintiff, save the lien established thereby.

The defendant seasonably appealed from the decree and, by her brief, assigns error upon the trial court's order overruling her demurrer to plaintiff's complaint and denying her motion to discharge the temporary restraining order referred to above. Appellant also assigns error upon the trial court's finding that appellant was indebted to re-

spondent in any sum over three hundred dollars, and awarding respondent judgment as above set forth.

■ Appellant further assigns error upon the admission of an exhibit offered by respondent, which the trial court received in evidence over appellant's objection. This exhibit consists of several pages from an account book kept by respondent's sister, Mary Valentine, who testified as a witness for respondent, and shows certain items of money which the witness testified she turned over to respondent and charged to his account with her.

We find no error in the court's ruling admitting the exhibit in evidence.

Appellant's assignment of error based upon the court's overruling her demurrer to respondent's complaint, is without merit.

■ The restraining order and the later temporary injunction, prohibiting appellant from alienating or encumbering her property pending the entry of a final decree in the action, became merged in that final decree, and any question concerning the propriety of the entry of those orders is now moot.

It may also be noted that appellant has appealed only from the decree entered in the action.

Appellant testified, and the trial court found, that, November 18, 1947, she had remarried her former husband, Marion A. Lilly.

As to the main issues between the parties, concerning their financial transactions one with the other, the testimony introduced was at variance.

Appellant admitted, and the trial court found, that she had received from respondent cash and property in the total value of $771.06. From the evidence, the trial court found that, before the marriage ceremony, respondent had delivered to appellant cash in the total amount of $826.06, and that, after the marriage ceremony, he had delivered to her amounts of cash in the total sum of $3,313, and furniture of the value of $174.50. After making certain deductions in favor of appellant, the trial court found that there was a balance due respondent in the sum of $3,520.56.

The court concluded that the marriage between the parties should be declared to be void and annulled; that there was no community property belonging to the parties; and that respondent should be awarded judgment against appellant in the sum of $3,520.56, which amount should be declared a first lien upon the real estate hereinabove described.

The court further concluded that appellant, by surrendering to respondent certain personal property, might receive a credit, upon the judgment, in the sum of $146.06, and, by surrendering certain articles of furniture, receive a further credit in the sum of $174.50.

The court also concluded that there should be awarded to appellant certain credits of the value of $793, items of personal property, including household articles, and the title to the real estate, subject to the lien in favor of respondent.

The decree, entered January 27, 1948, followed the conclusions of law, and provided that each party to the action should pay his own costs, including attorneys' fees.

The evidence is in dispute, and, as stated by the trial court in its oral summation at the close of the testimony, the case was "to be decided largely upon the basis of credibility given to the various witnesses."

The trial court saw and heard the witnesses testify and expressed the opinion that, under the evidence, respondent was entitled to the decree that was entered, which decree follows the findings of fact and conclusions of law entered by the court.

The evidence certainly does not preponderate against the findings which the court made, but, rather, in our opinion, supports them. A detailed discussion of the evidence would serve no useful purpose.

The decree appealed from is affirmed.

MALLERY, C. J., STEINERT, JEFFERS, and HILL, JJ., concur.