[No. 36474.  En Banc.  December 27, 1962.]

THE STATE OF WASHINGTON, *on the Relation of Charles O. Carroll, Respondent,* v. WILLIAM H. SIMMONS, *Appellant.**

*Reported in 377 P. (2d) 421.

*Wm. H. Simmons* and *Philip R. McIntosh*, for appellant.

*Charles O. Carroll* and *Victor V. Hoff*, for respondent.

HUNTER, J.—The respondent William H. Simmons, Judge of the Municipal Court of the City of Seattle, was convicted of the crime of assault in the second degree by jury trial on December 7, 1960. Judgment and sentence was entered on February 21, 1961. A 20 days' notice and summons and an information in quo warranto were served upon the respondent and were filed on March 7, 1961.

On the same day, an ex parte application by the relator State of Washington for an order to restrain the respondent temporarily from acting as municipal court judge was made to the Superior Court for King County. It was supported by an affidavit stating that the respondent had been convicted of the crime of second-degree assault and that he had forfeited his office under RCW 9.92.120 by reason of the conviction. An order was issued and served upon the respondent directing him to show cause on the following day why he should not be restrained from performing the

duties of his office pending the final determination of the issues in the quo warranto proceeding.

On March 8, 1961, the respondent appeared personally and moved to quash the order to show cause for the reason that the court had no jurisdiction to issue the order. The motion was orally denied. Pursuant to a hearing upon the show cause order a temporary injunction was entered on March 9, 1961, restraining the respondent from the performance of the duties of his office.

On March 27, 1961, the respondent served and filed certain motions challenging the sufficiency of the information and sought to have certain portions of the information stricken and to require the relator to make an election as to whether the quo warranto proceeding was brought to determine the authority of respondent to hold his office, to oust the respondent from his office, or because the respondent had failed to vacate his office. Respondent further moved that the quo warranto proceeding be dismissed for failure to join an indispensable party.

On March 28, 1961, the relator filed a motion for summary judgment, as a matter of law upon the pleadings, supported by affidavit stating there was no issue of fact present in the cause.

On April 3, 1961, the respondent's motions were brought on for hearing. The ruling on the motion to dismiss for lack of jurisdiction over the respondent was reserved until 9 a. m. on April 7, 1961. The remainder of the motions were denied except the motion to strike certain paragraphs from the quo warranto information which was granted, but which is not raised as an issue on this appeal.

On April 7, 1961, the motion to dismiss for lack of jurisdiction over the respondent was denied.

On April 11, 1961, the respondent filed the following objections to the summary judgment proceedings:

"1. The Court has no jurisdiction of the subject matter of the cause.

"2. The Relator's motion is not timely in that Respondent's motions heretofore filed and served remain undisposed of.

"3. The affidavit in support of Relator's motion for summary judgment does not establish a basis for entry of summary judgment."

On April 14, 1961, relator served and filed notice of presentation of order granting summary judgment, findings of fact and judgment of ouster to be heard on April 20, 1961. On April 20, without taking testimony, the relator's motion for summary judgment was granted and the court entered findings of fact, conclusions of law and judgment forfeiting the respondent's office and ousting him thereof. The respondent appeals.

The appellant (respondent below) contends the trial court failed to follow the statutory procedure when it issued the order to show cause and entered the order granting a temporary injunction.

■■■ This was an appealable order. Rule on Appeal 14(3), RCW Vol. 0. No appeal was timely taken and, therefore, we have no jurisdiction to review the order. *Lewis Pac. Dairymen's Ass'n v. Turner*, 50 Wn. (2d) 762, 314 P. (2d) 625 (1957). The temporary injunction was also merged in the final judgment and any question as to the propriety of the entry of such an order is now moot. *Valentine v. Valentine*, 31 Wn. (2d) 650, 198 P. (2d) 494 (1948).

■■■ The appellant contends the trial court erred in entering findings of fact and conclusions of law in conjunction with the summary judgment. We agree that findings of fact and conclusions of law were unnecessary; however, they were merely superfluous and of no prejudice to the appellant.

■■■ The appellant contends he was denied due process under Art. 1, § 3, of the state constitution and under the fourteenth amendment to the United States Constitution in that he was denied 10 additional days in which to answer after the court's disposition of his motions, as provided in Rule of Pleading, Practice and Procedure 12(a), RCW Vol. 0.

This rule is not applicable to a summary judgment proceeding. Under Rule of Pleading, Practice and Procedure 56(a), RCW Vol. 0, a motion for summary judgment may be made at any time after the expiration of the period

within which the defendant is required to appear. See 3 Barron & Holtzoff, Federal Practice and Procedure § 1233. The motion for summary judgment was made subsequent to this period, and the order, therefore, is valid since its validity is determined by the period in which the defendant must *appear* and not by the period in which he must answer.

The appellant contends the following statute, relied upon by the trial court in entering the judgment removing appellant from office, is unconstitutional in that it denies the appellant the right to appeal, as guaranteed by Art. 1, § 22, of our state constitution. RCW 9.92.120 provides:

"The conviction of a public officer of any felony or malfeasance in office shall entail, in addition to such other penalty as may be imposed, the forfeiture of his office, and shall disqualify him from ever afterward holding any public office in this state."

■ This same question was squarely passed upon by this court, in a divided opinion, in *State ex rel. Zempel v. Twitchell*, 59 Wn. (2d) 419, 367 P. (2d) 985 (1962). The rule in that case is the law of this state and is controlling here since the majority of the court adhere to the views therein expressed. In the majority opinion, we held that the guarantee to right of appeal in Art. 1, § 22, of the state constitution is limited to criminal cases; that a quo warranto proceeding is not a criminal case; that the statute is based on sound public policy; and that one of the qualifications for holding an office of public trust is that one may not be convicted "of any offense involving a violation of his official oath." RCW 42.12.010. The qualification is more specifically spelled out in RCW 9.92.120, *supra*. One may not hold office upon the conviction of a felony. As we stated in *State ex rel. Guthrie v. Chapman*, 187 Wash. 327, 60 P. (2d) 245 (1936), cited in *State ex rel. Zempel v. Twitchell*, *supra*:

" *'The conviction of grand larceny carried with it, and imposed upon the relator, as a necessary and immediate accompaniment, the forfeiture of his office and, at the same time, created a vacancy in that office.* The judgment of ouster constituted a judicial determination of the facts made by the record of relator's conviction and also a legal

declaration of his status with respect to the office formerly held by him. That judgment was self-executing and, by its own force and without the aid of process or further action of the court, accomplished the object sought to be obtained by the statute, which was the immediate and effectual divestiture of the relator of all official authority whatever.' (Italics ours.)"

Appellant contends that RCW 9.92.120, *supra*, is in derogation of Art. 1, § 3, of the state constitution providing that "No person shall be deprived of life, liberty, or property, without due process of law."

■ This contention is answered by the reasoning of the *Twitchell* case, *supra*. The appellant's right to hold public office is subject to qualifications imposed by the legislature. His office was forfeited, under the statute, upon his criminal conviction by jury trial in the superior court.

The quo warranto proceeding judicially determined that the qualifications had not been met to permit his further continuance in office. He was afforded due process by this determination.

■ Appellant contends that RCW 9.92.120 contravenes Art. 1, §§ 21 and 22, of the state constitution and the equal protection clause of the fourteenth amendment to the United States Constitution:

"The right of trial by jury shall remain inviolate, . . ." Art. 1, § 21.

"In criminal prosecutions, the accused shall have the right . . . to have a speedy public trial by an impartial jury . . ." Art. 1, § 22.

" . . . nor shall any state . . . deny to any person within its jurisdiction the equal protection of the laws." U. S. Const. Fourteenth Amendment.

RCW 9.92.120, in no manner, denies one holding public office the right of these constitutional guarantees. It relates only to the qualifications of a person to hold public office, *Twitchell, supra,* and applies equally to all persons holding public office except those liable for removal by impeachment. Const. Art. 5, §§ 1, 2, 3.

■ The appellant contends the statute, *supra*, is a bill

of attainder which violates Art. 1, § 9, of the United States Constitution in that it imposes a legislative penalty without due process of law.

As heretofore stated, the statute relates only to one's qualifications to hold public office and is unrelated to a person's rights in a criminal proceeding. The statute does not contravene this provision of our federal constitution.

The appellant's final contention is that the Municipal Court of Seattle is a court of record and that judges of courts of record may be removed from office only by impeachment under Art. 5, §§ 1 and 2, of the state constitution.

The Municipal Court of Seattle, as pointed out by the appellant, has various attributes of a court of record, but we are satisfied it does not come within this classification. Only the legislature, under our constitution, may establish the inferior courts of this state and shall have power to provide that such courts, other than justice courts, shall be courts of record. Const. Art. 4, §§ 1 and 11. We believe that, had the legislature intended to establish the municipal courts of this state as courts of record, they would have been so designated. Moreover, no record is kept of the verbatim testimony in the trial proceedings of a municipal court; none was so intended by our legislative body because, in an appeal from the municipal court, the superior court is not permitted to review the municipal court's proceedings. The case is there tried de novo as if it were an original proceeding. We, therefore, hold the appellant was not a judge of a court of record.

We find the judgment of the trial court in the quo warranto proceeding removing the appellant from office to have been validly entered. It is therefore affirmed.

FINLEY, C. J., HILL, DONWORTH, WEAVER, ROSELLINI, OTT, and HAMILTON, JJ., concur.