[No. 39453.    En Banc.    July 25, 1968.]

MILDRED HENRY MATSEN, *Appellant*, v. E. C. "EZ" KAISER, *Respondent*.*

*Palmer, Willis & McArdle, Charles O. Shoemaker, Jr.,* and *J. W. McArdle,* for appellant.

*Gavin, Robinson, Kendrick, Redman & Mays,* by *Leo C. Kendrick,* for respondent.

HALE, J.—In 1909, the legislature, hoping to promote uprightness in public affairs, declared that any public officer convicted of a felony or malfeasance in office would not only forfeit but thenceforth be disqualified from holding public office.

*Reported in 443 P.2d 843.

The statute reads:

> The conviction of a public officer of any felony or malfeasance in office shall entail, *in addition to such other penalty as may be imposed,* the forfeiture of his office, and shall disqualify him from ever afterward holding any public office in this state. (Italics ours.) RCW 9.92.120.

It is now invoked against the Sheriff of Klickitat County to oust him from office. Coming here on an agreed statement of facts (Rule on Appeal 34(4), RCW vol. 0), the case was initiated by plaintiff as an election contest under RCW 29.65.010 on the petition of Mildred H. Matsen as a registered voter of Klickitat County. Petitioner says that the defendant sheriff had been convicted of a felony during an earlier term of office and, therefore, under the statute, was and is ineligible to hold public office. Although the petition, or "Statement of Election Contest Pursuant to R.C.W. 29.65.010 et seq.," as it is denominated, asked that the election be annulled and set aside, the record on appeal makes it clear that the respondent sheriff has held and exercised office since January 9, 1967. Because of this, we believe that any remedy now available to petitioner would include a judgment of ouster, without further pleading or trial, for the facts and law governing both the election challenge and ouster in this case are identical. Petitioner now appeals from a judgment and order of dismissal based on findings of fact and conclusions of law entered December 28, 1966, dismissing with prejudice the election contest petition.

An agreed statement of facts constitutes the record of appeal now before us and includes, *inter alia,* the findings of fact, conclusions of law and the trial court's oral opinion. From them we gather what happened.

For several years prior to August 21, 1961, E. C. Kaiser had been the elected and legally qualified Sheriff of Klickitat County. August 21, 1961, he resigned that office. More than 1 year later, by supplemental information, the prosecuting attorney charged him with violating RCW 40.16.020, during his term as sheriff, *i.e.,* with the felony of misappro-

priating public records.[1] The appeal record does not describe the particular records which the defendant was charged with misappropriating, or concealing, or destroying, nor how it was done, but the parties agree, however, that the information charged a felony.

April 9, 1963, more than a year and one half after he had resigned the office of sheriff, Kaiser entered a plea of guilty to the supplemental information, and the court deferred the imposition of sentence for 6 months and placed him on probation. Two provisions of the order receiving and entering Kaiser's plea of guilty and granting probation tend more than the others to produce the problem here. The first such provision stated:

> Now, THEREFORE, IT IS THE JUDGMENT OF THIS COURT That the Defendant, E. C. Kaiser, is guilty of the crime of Misappropriation of Public Record by a Public Officer, as charged, and . . . .

The order then placed the defendant on probation for 6 months, specifying terms and conditions. It contained a proviso that, in case of a breach of strict compliance, the defendant would be subject to immediate apprehension and imposition and execution of sentence on his plea of guilty. The second crucial provision stated:

> IT IS FURTHER ORDERED That if the said Defendant fulfills and faithfully complies with all of the terms and conditions herein set forth, he may, at the expiration of the period of probation, be permitted, in the sound discretion of this Court, to withdraw his plea of guilty and enter a plea of not guilty and this Court may thereupon dismiss the information filed herein and if such is done, the said Defendant shall thereafter be released from all penalties and disabilities resulting from this offense; . . . .

---

[1] "Every officer who shall mutilate, destroy, conceal, erase, obliterate or falsify any record or paper appertaining to his office, or who shall fraudulently appropriate to his own use or to the use of another person, or secrete with intent to appropriate to such use, any money, evidence of debt or other property intrusted to him by virtue of his office, shall be punished by imprisonment in the state· penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both." RCW 40.16.020.

November 5, 1963, Kaiser, showing his compliance with the terms of probation, petitioned the court for leave to withdraw his plea of guilty and enter a plea of not guilty to the information. He petitioned, too, that the court order the information dismissed and that he be released from all penalties and disabilities resulting from the information. Thereupon, the court granted this petition fully, and entered a written order of dismissal, November 5, 1963, which declared:

ORDERED, ADJUDGED AND DECREED That the above-entitled cause charging the defendant herein with the crime of Misappropriation of Public Records by a Public Officer be, and the same is hereby dismissed and the defendant is discharged from further attendance herein and is released from all penalties and disabilities resulting from the filing of said charge.

Appellant contends that the statutes conferring jurisdiction on the court to grant probation (RCW 9.95.200) and to defer the imposition or suspend the execution of sentence (RCW 9.95.240), even though empowering the court to subsequently vacate the plea of guilty, dismiss the information and affirmatively relieve the accused of all disabilities and penalties, do not erase the conviction ab initio.

Appellant argues, too, that not only would a plea of guilty to a felony charge duly received and entered constitute a *conviction* of felony or establish malfeasance in office, but says that the court made a specific finding of guilt in declaring that the "Defendant, E. C. Kaiser, is guilty of the crime of Misappropriation of Public Record by a Public Officer." This judicial declaration of guilt, however, set forth as it was in the order granting probation should not, without more, be treated as a judgment and sentence. The finding, based upon a plea of guilty, that the defendant was guilty, although legally sufficient to confer jurisdiction upon the court to defer sentencing and grant probation, obviously did not, when standing alone, constitute a judgment and sentence. While a finding of guilt is ordinarily essential to imposition of a sentence, it did not in this instance represent the court's final adjudication of guilt in the premises.

Under the statute, RCW 9.95.240, the court had power to defer imposition of sentence and grant probation upon entry of the plea of guilty without including in the order an explicit declaration of guilt. Accordingly, a finding of guilt in an order deferring imposition of sentence and granting probation is not the legal equivalent of a judgment and sentence, except where, by statute, a plea or verdict of guilty shall be deemed a conviction.

Did the entry and the court's acceptance of the sheriff's plea of guilty to a felony charge, when followed by deferment of sentence, probation, withdrawal of plea, dismissal of the information and removal of all penalties and disabilities, amount to a conviction of felony under RCW 9.92.120, or constitute the establishment of malfeasance in office so as to disqualify the sheriff from election to or thereafter serving in any public office?

Certainly from both a moral and legal standpoint, a plea of guilty, or a jury verdict of guilty, in one sense constitutes a conviction, for the same statute which permits the court to expunge the conviction and dismiss the information on fulfillment of probation expressly declares that such plea or verdict will count as a conviction in any subsequent prosecution. RCW 9.95.240. And, of course, the entry of a judgment and sentence upon a plea of guilty or verdict of the jury, if execution of the sentence is suspended, likewise constitutes a conviction warranting ouster from office, even though an appeal therefrom is pending. *In re Simmons*, 65 Wn.2d 88, 395 P.2d 1013 (1964); *State ex rel. Zempel v. Twitchell*, 59 Wn.2d 419, 367 P.2d 985 (1962).

One of the principal reasons supporting a forfeiture of office pending appeal undoubtedly is that a strong presumption of validity supports the judgment of a court of record. It would create an absurdity in government to allow one whose guilt has been established by judgment and sentence to continue in a public office during his appeal. It is simply a matter of balancing two possible harms: the possible unfairness of an individual's loss of public office during the remainder of his term against the inherent danger to the

body politic that a criminal may exercise the powers of government.

But the seeming conflict between a case which holds that immediately upon conviction of any felony or malfeasance in office a public officer forfeits his office and the present case is illusory, because in the former a judgment and sentence is actually imposed upon the defendant, whereas here there has been no judgment and sentence. Thus, the word *conviction* in criminal statutes has more than one meaning; it may mean a finding of guilt in one situation—as in a verdict or plea of guilty—or in other circumstances and in a different context may mean a formal finding or declaration of guilt—as in a judgment and sentence. *State ex rel. Brown v. Superior Court,* 79 Wash. 570, 140 Pac. 555 (1914).

For most purposes, therefore, there exists a distinction between the legal effect of a deferred sentence, that is, one in which imposition of sentence is deferred, and a suspended sentence, where the court actually imposes a sentence but suspends its execution. In assessing one's rights to vote or hold public office, we would say that a deferred sentence is no bar, whereas a suspended sentence would be a conviction. *In re Richetti v. New York State Bd. of Parole,* 300 N.Y. 357, 90 N.E.2d 893 (1950); *Truchon v. Toomey,* 116 Cal. App. 2d 736, 254 P.2d 638, 36 A.L.R.2d 1230 (1953).

■ In the instant case, the acceptance and entry of defendant's plea of guilty by the superior court was followed by an order deferring the imposition of sentence; a granting of probation; a finding of successful probation; a permitted withdrawal of his plea of guilty; entry of a plea of not guilty; the issuance of an order dismissing the information to which the plea of guilty had been entered; and a judicial decree releasing the defendant from all penalties and disabilities resulting from the filing of the information. When these procedures are considered in connection with the defendant's right to hold office or ouster therefrom under RCW 9.92.120, the resultant, despite the plea of guilty, does not amount to a conviction. The defendant, therefore, was

not convicted within the meaning of RCW 9.92.120 which calls for a forfeiture of and disqualifies him from public office upon conviction of a felony or malfeasance in office.

Affirmed.

HUNTER, J., concurs.

HAMILTON, J. (concurring)—I concur in the ultimate result reached by the majority, *i.e.*, that respondent is presently entitled to hold the office of Sheriff of Klickitat County, to which he was duly elected by the voters of that county on November 8, 1966, some 3 years after the order of the superior court dismissing his earlier conviction. This result, in my view, does not spring from any sophisticated distinction laboriously drawn between pleas or verdicts of guilty and convictions, or between sentencing procedures. Instead, it seems to me, it flows rather effortlessly from the simple fact that the legislature has provided by RCW 9.95-.240, of the deferred sentence statute, that:

> Every defendant who has fulfilled the conditions of his probation . . . may at any time prior to the expiration of the maximum period of punishment for the offense . . . be permitted in the discretion of the court to withdraw his plea of guilty and *enter a plea of not guilty,* or if he has been convicted after a plea of not guilty, the court may in its discretion *set aside the verdict of guilty; and* in either case, *the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted.* . . . *Provided,* That in any subsequent prosecution, for any other offense, such prior conviction may be pleaded and proved, and shall have the same effect as if probation had not been granted, or the information or indictment dismissed. (Italics mine.)

This statute is a legislative expression of public policy in the field of criminal law and rehabilitation. It undertakes, in unambiguous terms, to restore a deserving offender to his preconviction status as a full-fledged citizen. The *only* exception to the statutory release of *all* penalties and disabilities attendant upon a conviction is found in the proviso, which is not applicable in the instant case.

RCW 9.92.120 is likewise a legislative expression of public policy. It provides:

> The conviction of a public officer of any felony or malfeasance in office shall entail, *in addition to such other penalty* as may be imposed, the forfeiture of his office, and shall disqualify him from ever afterward holding any public office in this state. (Italics mine.)

The language utilized by the legislature would appear to indicate that it equated the consequences provided by the statute with the term "penalty," and the import of that term as generally recognized in criminal law parlance. And, it would also appear that the legislature contemplated that two distinct penalties would follow the criminal conviction of a public officer, *i.e.*, (1) forfeiture of the office then held, and (2) disqualification from afterward holding any other public office.

In applying RCW 9.92.120, *supra,* this court has consistently held that an adjudication of guilt in the trial court immediately invoked the *forfeiture feature* of the statute, regardless of the possible outcome of any appeal from the trial court proceeding. *State ex rel. Guthrie v. Chapman,* 187 Wash. 327, 60 P.2d 245 (1936); *State ex rel. Knabb v. Frater,* 198 Wash. 675, 89 P.2d 1046 (1939); *State ex rel. Zempel v. Twitchell,* 59 Wn.2d 419, 367 P.2d 985 (1962); *State ex rel. Carroll v. Simmons,* 61 Wn.2d 146, 377 P.2d 421 (1962). This court has never, however, held that the *future disqualification feature* of the statute would survive and continue in effect despite a reversal of the conviction on appeal and an acquittal or a dismissal of the prosecution following the reversal. And, it seems somewhat unlikely that this court would so hold.

By analogy then, it seems to me that if the legislature in its wisdom sees fit to provide a statutory method by which all penalties and disabilities engraved upon a criminal conviction, save a specified one, may, under certain conditions, be wholly erased it ought logically to follow that the erasure embraces the disability of the future disqualification feature of RCW 9.92.120, *supra.* Certainly, had

the legislature intended otherwise, it could have so stated in the proviso to RCW 9.95.240, *supra*.

The net effect, therefore, of an adjudication of felony guilt and the entry of an order of deferred sentence involving an individual holding public office should be the immediate forfeiture of that individual's office and a disqualification from holding any public office during any probationary period and until such time as the individual qualified for and received the order of dismissal provided for by RCW 9.95.240. Thereafter, it would be my view that the restoration of citizenship rights accompanying the order of dismissal would and should restore the individual's eligibility to run for public office, and if the voters, knowing of his former record, see fit to elect him to public office such should be their right. In this way RCW 9.92.120 and 9.95.240, and the respective policy considerations behind each, work in complete harmony.

The same harmonious accommodation would not, however, seem to follow the approach of the majority opinion; for, as I read the opinion, the majority's reasoning leads to the probable continuation in office of a public official, who, after being adjudged guilty of a felony, receives an order of deferred sentence, which, incidentally, may or may not include a jail sentence as a condition thereof. This unusual result tends to defeat the wholesome purpose and policy of RCW 9.92.120 and, in my view, is a result which was never intended by the legislature. Furthermore, the majority, in drawing sustenance for its view from the distinctions between deferred and suspended sentences, unnecessarily projects a potential element of discrimination into sentencing procedures when a defendant happens to be a public officer. Again, I am sure the legislature never intended to foster such a development, and this court, by circuitous reasoning, should not be the father of that consequence. Instead, the facts and circumstances of each case should be permitted to channel and direct the trial court's choice between a deferred, suspended or penal sentence rather than this court's subtle suggestion that a

convicted public official might escape forfeiture of office if he receives a deferred sentence.

For the reasons stated, I concur with the majority only in the conclusion that respondent—having been timely released from all pertinent penalties and disabilities flowing from his conviction—is not now disqualified from serving in the office to which he was elected by the voters of Klickitat County.

FINLEY, C. J., NEILL, and McGOVERN, JJ., concur with HAMILTON, J.

HILL, J. (dissenting)—I dissent. The majority opinion is a labored explanation of when a conviction is not a conviction, which I do not find convincing.

The question should be: When does a disqualification to hold public office cease to be a disqualification?

The statute with which we are concerned is set forth on the first page of the majority opinion and says that the "conviction of a public officer of any felony or malfeasance in office" entails the forfeiture of his office and disqualification from ever after holding any public office in this state.

We were adamant as flint about this statute meaning what it says in *State ex rel. Carroll v. Simmons,* 61 Wn.2d 146, 377 P.2d 421 (1962), and *State ex rel. Zempel v. Twitchell,* 59 Wn.2d 419, 367 P.2d 985 (1962).

We are adamant as putty in the present case where "Ez" Kaiser, after resigning as Sheriff of Klickitat County, plead guilty to misappropriating a public record while occupying that position. This offense is conceded to be a felony and, obviously, constitutes misfeasance in office. A judgment of conviction was entered on that plea. However, there is ample authority that a plea of guilty in itself constitutes a conviction. In 21 Am. Jur. 2d *Criminal Law* § 495, at 484, it is said:

In short, a plea of guilty is an admission or a confession of guilt, and as conclusive as a verdict of a jury; it admits all material fact averments of the accusation, leaving no issue for the jury, except in those instances where the

extent of the punishment is to be imposed or found by the jury.

This court has said:

Such plea is a confession of guilt and is equivalent to a conviction, leaving no issue for the jury, except in those instances where the extent of the punishment is to be imposed or found by the jury. By pleading guilty the defendant admits the acts well pleaded in the charge, waives all defenses other than that the indictment or information charges no offense, and waives the right to trial and the incidents thereof. *In re Brandon v. Webb,* 23 Wn.2d 155, 160, 160 P.2d 529 (1945)

The majority upholds Kaiser's right to now hold the office of sheriff, to which he has been re-elected, urging that having been placed on probation following his conviction and having satisfactorily completed the probationary period, the conviction and the offense can be and were wiped out as provided in RCW 9.95.240.

The majority has quite forgotten our rather critical appraisal—in the *Twitchell* case, *supra*—of the courts in a few jurisdictions that "have yielded to sentimentality or empathy for public officials." We pointed out in that case that RCW 42.12.010 and RCW 9.92.120 are expressions of legislative policy. It seems to me that a disqualification "from ever afterward holding any public office in this state," after a judgment of conviction of a felony or of misfeasance in office is a declaration of public policy that should not be wiped out by the partial erasure process provided for in RCW 9.95.240, on which the majority places its reliance. (I say "partial erasure" because, as the majority points out, the guilty plea will count as a conviction in any subsequent prosecution.)

I am aware of our decision in *Tembruell v. Seattle,* 64 Wn.2d 503, 392 P.2d 453 (1964), holding that a plea of guilty is not a conviction under RCW 41.20.110—a statute depriving a retired policeman of his pension upon being convicted of a felony. There was involved in that case a property right in deferred compensation. It is my view that under RCW 9.95.240 a plea of guilty is a conviction

because it deprives the public officer of his office forthwith and, by the same token, should disqualify him—in the absence of a pardon—from again being eligible for any public office in this state.

I also question the constitutionality of a statute giving to the courts the pardoning power (the wiping out of a conviction). The pardoning power is vested in the Governor "under such regulations and restrictions as may be provided by law." Const. art. 3, § 9. While courts may suspend or defer sentence upon a convicted person, the pardoning power rests with the Governor.

With some questioning,[2] it seems to be the rule that the exercise of the constitutional pardoning power by the Governor can restore eligibility to public office lost by the conviction for certain crimes. *State ex rel. Cloud v. State Election Bd.,* 169 Okla. 363, 36 P.2d 20, 94 A.L.R. 1007 (1934). The legislature cannot restore such eligibility. *Ferguson v. Wilcox,* 119 Tex. 280, 28 S.W.2d 526 (1930). I find no authority that the courts can constitutionally do so. Suspend or defer sentences, yes; restore eligibility to office after conviction, no!

I would direct the trial court to enter a judgment of ouster and remove Mr. Kaiser as the Sheriff of Klickitat County.

WEAVER and ROSELLINI, JJ., concur with HILL, J.

---

October 1, 1968. Petition for rehearing denied.

---

[2] See *Pardon as restoring eligibility to public office,* Annot., 94 A.L.R. 1011 (1934).