# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CHUN ROGERS, | No. 49598-8-II |
| Respondent, | |
| v. | |
| LOUCINDA JO RUSHFORD, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — The superior court granted a petition for an emergency temporary domestic violence protection order, naming Loucinda Jo Rushford as the restrained party. The superior court later converted the petition for a domestic violence protection order to an antiharassment order, again naming Rushford as the restrained party. On appeal, Rushford challenges the grant of both the emergency temporary protection order and the antiharassment order. We affirm.

## FACTS

Chun Cha Rogers and Loucinda Jo Rushford lived in separate buildings on the same property. Rushford lived in the mother-in-law house and described the relationship between the two as landlord-tenant.

On July 29, 2016, Rogers filed a petition for a domestic violence protection order,[1] naming Rushford as the respondent. In her petition, Rogers asserted that she was a victim of domestic violence and requested emergency temporary protection, to last up to 14 days, until the court hearing on her petition. Rogers described the irreparable harm justifying the emergency order as, "She encites [sic] my son when he threatens to kill me and my other son." Clerk's Papers (CP) at 4. Rogers also stated as the basis for the emergency temporary order, "On July 24, 2016[,] the respondent was next to my son while he was assaulting me. During this time, the respondent called me a "bitch" and encouraged my son to continue striking me. I called 911 and Lakewood Police had responded." CP at 5. Finally, Rogers asserted that, "[Rushford] has encouraged my son to threatened [sic] to kill and seriously harm loved ones of anyone who calls the police on him. This is documented in his convictions for the assault II case." CP at 5. The superior court issued the temporary protection order.

On August 12, the superior court held a hearing to address Rogers's petition for a domestic violence protection order. Both Rogers and Rushford were present and assisted by counsel. When asked whether Rushford threatens her verbally, Rogers stated, "I can't say she threatens me, but she does prevent me from saying anything." Transcript of Protection Order Hearing (Transcript) (Aug. 12, 2016) at 3. The court asked specifically how Rushford prevents Rogers from speaking, to which Rogers responded, "Shut up. Don't talk to her. Then my son tells me don't ever open the mouth against her or to her." Transcript (Aug. 12, 2016) at 3. Rogers denied that Rushford had

---

[1] The petition was filed under RCW 26.50.030, which governs "a petition for an order for protection in cases of domestic violence." RCW 26.50.030; Clerk's Papers (CP) at 1.

ever physically hit or thrown anything at her, but stated, "Only when I try to talk to her. Son just tells me just leave her alone." Transcript (Aug. 12, 2016) at 3.

Based on the facts alleged and proved at the hearing, the superior court ruled that the situation between Rogers and Rushford did not constitute domestic violence, but did constitute harassment. On its own motion,[2] the court converted the domestic violence protection order to an antiharassment order.[3] The court entered a form antiharassment order, which prohibited Rushford from attempting to contact Rogers or attempting to keep Rogers under surveillance. The court also checked the box restraining Rushford from "entering or being within 500 ft. (distance) of Petitioner's," but did not check the corresponding "residence" or "place of employment" boxes. CP at 13. While the court verbally ruled that the order would be in effect for a period of one year, in its signed order, the court listed an expiration date of August 12, 2018. Under the expiration date, the order contained the language, "If the duration of this order exceeds one year, the court finds that Respondent is likely to resume unlawful harassment of the petitioner when the order expires." CP at 14.

---

[2] Under RCW 10.14.080(6), a court granting an antiharassment protection order has "broad discretion to grant such relief as the court deems proper." Because the Washington Constitution vests superior courts with original jurisdiction in cases of equity, the superior court may "'fashion broad remedies to do substantial justice to the parties'" and issue an anti-harassment order upon its own motion. *Hough v. Stockbridge*, 150 Wn.2d 234, 236, 76 P.3d 216 (2003) (quoting *Carpenter v. Folkerts*, 29 Wn. App. 73, 78, 627 P.2d 559 (1981)).

[3] The antiharassment order was issued pursuant to RCW 10.14.080, which allows the court to enter an anti-harassment protection order "upon the filing of an affidavit which, to the satisfaction of the court, shows reasonable proof of unlawful harassment of the petitioner by the respondent." RCW 10.14.080(1).

On September 2, Rushford filed a motion to modify the protection order, asserting, "[t]he police need more clarification as to w[h]ere exactly at the property I can be." CP at 17. Rushford requested the court modify its order "to say that I may return to my home" and to "grant[] [Rushford] use of the common areas." CP at 18.

On September 23, the parties appeared before the superior court on Rushford's motion to modify. The court clarified its previous ruling that Rushford "cannot go to [Rogers]'s residence." VRP (Sept. 23, 2016) at 6. The court then entered an order "continu[ing] [the antiharassment order] in effect, but modified" to clarify that Rushford "may not go within 500 ft. of Petitioner's residence or person and may not live on Petitioner's property." CP at 21.

Rushford appeals the issuance of both the emergency temporary domestic violence protection order and the antiharassment order.

ANALYSIS

A.    THE TEMPORARY DOMESTIC VIOLENCE PROTECTION ORDER

Rushford primarily challenges the superior court's issuance of an emergency domestic violence protection order on July 29, 2016. Specifically, Rushford argues that Rogers failed to show immediate irreparable harm justifying emergency protection. Rushford also argues that Rogers's statements supporting the temporary order constituted perjury.[4] We dismiss Rushford's challenges to the temporary protection order as moot in light of the final protection order.

---

[4] Rushford does not reference relevant portions of the record showing that Rogers's statements were materially false and known to be false, which is required to show that they constituted perjury. RCW 9A.72.020(1); RAP 10.3(a)(6).

An issue is moot if the court can no longer provide effective relief. *State v. Gentry*, 125 Wn.2d 570, 616, 888 P.2d 1105, *cert. denied*, 516 U.S. 843 (1995). A final judgment renders the propriety of a temporary order moot. *Ferry County Title & Escrow Co. v. Fogle's Garage, Inc.*, 4 Wn. App. 874, 881, 484 P.2d 458 (finding the challenge to the temporary order restraining two sheriff's sales moot where the final judgment contained a permanent injunction), *review denied*, 79 Wn.2d 1007 (1971); *Valentine v. Valentine*, 31 Wn.2d 650, 653, 198 P.2d 494 (1948) (holding that any question concerning the propriety of a temporary restraining order was moot in light of the final decree); *State v. Noah*, 103 Wn. App. 29, 43, 9 P.3d 858 (2000) (declining to consider a challenge to an antiharassment order's no contact zone distance because "the antiharassment order has long since expired."), *review denied*, 143 Wn.2d 1014 (2001).

Nonetheless, we may consider a moot case if it involves "matters of continuing and substantial public interest." *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). In determining whether a case presents an issue of continuing and substantial public interest, we consider: (1) the public or private nature of the issue; (2) whether guidance on the issue is needed; and (3) whether the issue presented is likely to recur. *Id.*; *Blackmon v. Blackmon*, 155 Wn. App. 715, 720, 230 P.3d 233 (2010) (finding the issue of whether parties to a domestic violence protection order have a constitutional right to demand a jury trial to be an issue of public importance).

Here, Rushford only presents a general challenge to the sufficiency of the evidence underlying the temporary domestic violence protection order. Her requested relief is for this court to vacate the superior court's temporary order. However, any such relief became moot on August 12, when the superior court converted the temporary domestic violence protection order into a

permanent antiharassment order. In doing so, the superior court specifically ruled that the facts were insufficient to find domestic violence had occurred. As a result, we can no longer provide effective relief because there is no temporary domestic violence order for this court to vacate. Thus, this issue is moot.

Also, the *Sorenson* factors are not met here. This case is of a private nature and does not involve issues in need of guidance or likely to recur. Therefore, this case does not present an issue of continuing and substantial public interest warranting review despite being moot. Rushford's challenge to the temporary domestic violence protection order is moot, and we dismiss her challenge of that order.

B.     ANTIHARASSMENT ORDER

Rushford next argues that there was insufficient evidence for the superior court to issue the antiharassment order. We disagree.

1.     Standard of Review

In issuing an antiharassment protection order, the court "shall have broad discretion to grant such relief as the court deems proper." *Noah*, 103 Wn. App. at 40. "'Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion.'" *In re Parentage of T.W.J.*, 193 Wn. App. 1, 6, 367 P.3d 607 (2016) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). Therefore, we review the superior court's grant of an antiharassment order for abuse of discretion. *See Trummel v. Mitchell*, 156 Wn.2d 653, 669-70, 131 P.3d 305 (2006) (reviewing the trial court's modifications to an antiharassment order under an abuse of discretion standard).

A trial court abuses its discretion if its ruling is "manifestly unreasonable or is based on untenable grounds or reasons." *State v. Rapozo*, 114 Wn. App. 321, 323, 58 P.3d 290 (2002). A court's decision is based on untenable grounds "if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard." *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

Under RCW 10.14.080(3), if after a hearing, the trial court "finds by a preponderance of the evidence that unlawful harassment exists, a civil antiharassment protection order shall issue prohibiting such unlawful harassment." Unlawful harassment is defined as (1) a knowing and willful (2) course of conduct, (3) directed at a specific person, (4) which seriously alarms, annoys, harasses, or is detrimental to that person, and (5) which serves no lawful or legitimate purpose. RCW 10.14.020(2). "Course of conduct" is further defined as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose." RCW 10.14.020(1). The course of conduct must be of a nature that "would cause a reasonable person to suffer substantial emotional distress, and shall actually cause substantial emotional distress to the petitioner." RCW 10.14.020(2).

Here, the superior court's ruling was not manifestly unreasonable because there was sufficient evidence to find by a preponderance of the evidence that Rushford unlawfully harassed Rogers. In her petition for a domestic violence protection order, Rogers described an incident where Rushford stood next to Rogers's son, called Rogers a "bitch," and encouraged Rogers's son to strike Rogers. CP at 5. The nature of this event triggered a police response. This was not an isolated incident. Rogers stated that Rushford continuously encouraged Rogers's son to cause harm to Rogers, and as a result, police had been called to the home more than a dozen times. At

7

the hearing, Rogers provided a sworn statement that Rushford tells her to "shut up" when she tries to speak at home and encourages Rogers's son to also not speak to Rogers. VRP (Aug. 12, 2016) at 3. Because these presented facts were sufficient to show harassment, it was not manifestly unreasonable for the superior court to find that Rushford engaged in a knowing and willful pattern of conduct, directed at Rogers, which seriously alarmed or harassed Rogers. RCW 10.14.020(2). It was also not manifestly unreasonable for the superior court to conclude that Rushford's pattern of telling Rogers to "shut up" and repeatedly encouraging Rogers's son to physically harm Rogers would cause a reasonable person to suffer substantial emotional distress. Therefore, the superior court did not abuse its discretion in issuing the antiharassment order because sufficient evidence supported its finding that Rushford unlawfully harassed Rogers.

We find that the superior court did not abuse its discretion in granting an antiharassment order restraining Rushford from contacting Rogers. Therefore, we affirm.[5]

C.    RUSHFORD'S OTHER ARGUMENTS

Rushford also presents a number of arguments that are either moot, or unsupported by citation to legal authority or references to relevant portions of the record. We hold that these additional challenges fail.

---

[5] Rushford also appears to raise a constitutional challenge to the antiharassment order. However, the only argument she presents is: "Besides a harassment order cannot violate someone's constitutionally protected right of free speech. Verbal statements of such nature would not constitute harassment." Br. of Appellant at 13. We do not consider this argument because it is unsupported by citation to legal authority or references to relevant portions of the record. RAP 10.3(a)(6).

1.      Examining the Authenticity of Facts and Claims

Rushford claims that the superior court failed to "adequately examine[] the authenticity of fact and claims stated to determine merit." Br. of Appellant at 5. Rushford argues that the superior court should have realized that the statements Rogers made were false, and therefore dismissed Rogers's petition. Br. of Appellant at 9. We do not address this argument because Rushford fails to identify what facts or claims she believes the superior court failed to authenticate. RAP 10.3(a)(5), (6).

Also, credibility determinations are left solely for the trier of fact. *Morse v. Antonellis*, 149 Wn.2d 572, 574, 70 P.3d 125 (2003). We do not disturb the superior court's credibility determinations on appeal. *Id.* Therefore, Rushford's challenge to the superior court's credibility determinations fail.

2.      Reliance on Excluded Evidence

Rushford also argues that the superior court allowed "entry of excluded evidence." Br. of Appellant at 4. Because Rushford does not identify what evidence she claims should have been excluded, we do not address this argument. RAP 10.3(a)(6).

3.      Civil Rights Violation

Rushford contends that the superior court violated her civil rights. Specifically, Rushford argues the superior court violated her civil rights by "imposing extreme and excessive stipulations, sanctions, and penalties." Br. of Appellant at 6. Rushford does not identify what civil rights she contends the superior court violated. Therefore, we do not address this argument. RAP 10.3(a)(6).

Rushford also does not provide any citation to the record or argument showing that the superior court imposed extreme and excessive sanctions. Rushford does argue that in granting a

civil antiharassment order, the court shall not prohibit the respondent from the use or enjoyment of real property to which the respondent has a cognizable claim. However, she again cites to no legal authority or portions of the record supporting her argument on this basis. Therefore, we do not address this argument. RAP 10.3(a)(6).

4.      Allowing Counsel to Serve as an "Official Witness"

Rushford contends that the superior court erred in allowing Rogers's counsel to serve as an "official witness and simultaneously represent the plaintiff." Br. of Appellant at 6. Because Rushford does not provide any description, citation to the record, or argument showing the superior court allowed Roger's counsel to be an "official witness," we do not address this argument. RAP 10.3(a)(6).

5.      Clerical Errors

Rushford argues that the superior court committed "huge clerical errors" when it failed to list an address and check the residence box on the original antiharassment order. Br. of Appellant at 14. Rushford is correct that this failure was indeed a clerical error, but one that the superior court fixed by issuing its modified order on September 23. Given that the superior court already remedied this error, this court can no longer provide effective relief on this basis. *Gentry*, 125 Wn.2d at 616. Therefore, we dismiss this issue as moot.

6.      Wrong Expiration Year

Rushford contends that the antiharassment order contained the wrong expiration year because the superior court orally ruled that the order would expire in one year. Rushford is correct that in its oral ruling, the superior court ruled that the antiharassment order would last "for a period

of one year." VRP (Aug. 12, 2016) at 5. However, in its written order, the superior court listed an expiration date of August, 12, 2018, making the order effective for two years.

A trial court's oral ruling "'is no more than an expression of its informal opinion at the time it is rendered.'" *State v. Friedlund*, 182 Wn.2d 388, 394, 341 P.3d 280 (2015) (quoting *State v. Mallory*, 69 Wn.2d 532, 533-34, 419 P.2d 324 (1966)). In contrast, the trial court's written judgment "is a final order subject to appeal." *Id.* at 395.

Here, because the superior court's written order listed an expiration date of August, 12, 2018, we view that date as the final order subject to appeal. *Id.* at 394-95. Therefore, we reject Rushford's argument that the superior court's written order should have contained the expiration date stated in its oral ruling.

7.      Rushford's Ability to Present Evidence

Rushford argues that the superior court barred her from presenting evidence at the hearing on her motion to modify the antiharassment order. However, Rushford fails to cite any legal authority supporting her argument that she should have been allowed to present evidence at a hearing on a motion to modify. Rushford also fails to reference any portion of the record showing she was denied this opportunity. Therefore, we do not address this argument. RAP 10.3(a)(6).

8.      Denial of Counsel

Rushford argues that the superior court erred in not providing her court-appointed counsel based on her ADA-recognized disability. According to Rushford, under GR 33, someone with an ADA-recognized disability is entitled to court-appointed counsel in civil matters. We disagree.

GR 33(b)(4) specifically outlines that a request for accommodation "should be made on a form approved by the Administrative Office of the Courts" and presented either in writing or orally to the court. Here, nothing in the record shows that Rushford made a request under GR 33—either orally or in writing. Instead, the record shows that Rushford referenced her disability in the context of asking the superior court to allow Rushford back on the property she shared with Rogers. This is not a request to make court services, programs, and activities accessible to her, as allowed by GR 33. Therefore, we hold that Rushford's argument is without merit.

9.      Declaration of Service

Rushford contends that she has never been provided service of any documents in this case. Rushford also argues that the insufficient service deprived her of due process under the Washington Constitution. This argument is not supported by citation to legal authority or relevant portions of the record, and therefore, we decline to address such argument. RAP 10.3(a)(6).

10.     Ex Parte Communications

Rushford argues that the superior court commissioner engaged in judicial misconduct by discussing the case with opposing counsel after Rushford had left the courtroom. Again, this argument is unsupported by citation to legal authority. Also, the record does not support Rushford's contention. The record shows that following the September 23 hearing, Rushford asked the bailiff whether she "need[ed] anything else? Or is that it?" VRP (Sept. 23, 2016) at 8. Rogers's attorney responded, "yeah, this is your new order," to which the superior court interjected, "You better make sure she has certified copies." VRP (Sept. 23 2016) at 8-9. This exchange does not show that the superior court spoke to opposing counsel outside of Rushford's presence. Rather, it shows that the superior court wanted to ensure that Rushford would have a

copy of the modified antiharassment order. Indeed, the final order stated that Rushford had "appeared and was informed of the order by the court" and thus, "further service [was] not required." CP at 22. Thus, we hold that Rushford's argument here fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Melnick, J.