IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Parenting and Support of | No. 85735-5-I |
| A.J.A. and M.A.A., | UNPUBLISHED OPINION |
| Minor children. | |

BOWMAN, A.C.J. — Daniel Alvarez appeals pro se the trial court's final parenting plan establishing a residential schedule for his two minor children. Because Alvarez fails to provide an adequate record for appeal or support his arguments with citations to authority, we decline to reach the merits of his appeal, and affirm the final parenting plan.

FACTS

Alvarez and April Johnson began dating in 2008. They have two minor children together, A.J.A. and M.A.A. In 2019, the two separated. At first, they cooperated on parenting their children without court intervention. But in July 2021, Alvarez petitioned for a parenting plan, alleging that "the kids have been kept from [him] recently." Alvarez asked for a 50/50 residential schedule and joint decision-making authority. On September 27, 2022, the court issued a temporary parenting plan, adopting Alverez's requests.

The case went to trial on May 25, 2023.[1]  On July 26, the court issued its final parenting plan, supported by its "Final Order and Findings for a Parenting Plan."  And on August 4, it issued supplemental findings of fact as "Exhibit A" to the final parenting plan.  The court designated Johnson as the residential parent and gave Alvarez parenting time every other weekend.  The court authorized joint decision-making authority for decisions about education and nonemergency health care, but it ordered that Johnson be the sole decider as to psychological and mental health issues for both children.

Alvarez appeals.

## ANALYSIS

Alvarez argues that the final parenting plan is "one sided" and that the trial court did not "consider the best interest of [his] kids" when establishing a residential schedule.[2]

We review a trial court's final parenting plan for an abuse of discretion.  *In re Marriage of Kovacs*, 121 Wn.2d 795, 801, 854 P.2d 629 (1993).  A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons.  *Id.*

---

[1] Alvarez did not provide a verbatim report of the trial proceedings for review on appeal.

[2] Alvarez also assigns error to the temporary parenting plan.  But issuance of a final order renders any temporary order moot.  *See State ex rel. Carroll v. Simmons*, 61 Wn.2d 146, 149, 377 P.2d 421 (1962).  So, we do not address that assignment of error.  Alverez also complains that Johnson has not followed the terms of the parenting plan.  Because adequate means exist in the trial court for Alvarez to address enforcement issues, we do not address those arguments here either.  *See, e.g.*, RCW 26.09.160.

The Parenting Act of 1987, chapter 26.09 RCW, anticipates that the trial court will determine a child's residential schedule based on the best interests of the child. *In re Marriage of Littlefield*, 133 Wn.2d 39, 52, 940 P.2d 1362 (1997). In that regard, the act compels the trial court to consider several factors when establishing a residential schedule. *See* RCW 26.09.187(3)(a). These factors include, among others, the relative strength, nature, and stability of the child's relationship with each parent, agreements of the parties, and the emotional needs and development level of the child. RCW 26.09.187(3)(a)(i), (ii), (iv).

A trial court must make findings of fact and conclusions of law in support of its decision. *Lawrence v. Lawrence*, 105 Wn. App. 683, 686, 20 P.3d 972 (2001). To determine whether a court properly considered the statutory factors in establishing a residential schedule, we look to both the court's findings and the oral record. *See id.* (the trial court's oral decision or statements in the record may supplement inadequate written findings) (citing *In re Det. of LaBelle*, 107 Wn.2d 196, 219, 728 P.2d 138 (1986)).

Alvarez argues the trial court failed to determine the residential schedule in his case based on the best interests of his children. But he provides no verbatim report of the trial proceedings, so we cannot assess whether the trial court properly considered the factors under RCW 26.09.187(3)(a). As a result, we do not reach the merits of his argument. *See* RAP 9.1(a), (b); *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998) (appellant bears the burden of complying with the RAPs and perfecting the record on appeal; we may decline to reach the merits of an issue if appellant does not meet this burden).

And, even if Alvarez had provided an adequate record for us to meaningfully consider his appeal, he makes no argument in support of his assignments of error and cites to no legal authority in his opening brief. An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6); *In re Est. of Little*, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). " 'Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.' " *Little*, 9 Wn. App. 2d at 274 n.4 (quoting *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998)). We recognize that Alvarez brings his appeal pro se. But we must "hold a pro se litigant to the same standard as an attorney." *Id.*[3]

Because Alvarez does not provide an adequate record for review or support his assignments of error with argument and citations to legal authority, we cannot reach the merits of his appeal, and affirm the final parenting plan.

_____, ACJ

WE CONCUR:

_____        _____

---

[3] Alvarez also seems to suggest that the court erred by entering its final orders two months after trial. But again, he makes no argument in support of this assignment of error and cites to no legal authority, so we do not address this issue.

4