William **LEIGHTON**, a stockholder of The One William Street Fund, Inc., for himself and all stockholders of The One William Street Fund, Inc. similarly situated and for and on behalf of The One William Street Fund, Inc., Appellant-Plaintiff,

v.

The **ONE WILLIAM STREET FUND, INC.**, Lehman Brothers, a partnership, Simpson Thacher & Bartlett, a partnership, and Allan B. Hunter, Paul E. Manheim, Paul M. Mazur, Francis C. Reed et al., Appellees-Defendants.

No. 335, Docket 29227.

United States Court of Appeals Second Circuit.

Argued March 8, 1965.

Decided April 5, 1965.

---

William Leighton, New York City, appellant, pro se.

Whitney North Seymour, Jr., New York City (Arthur W. Murphy, New York City, on the brief), for appellee The One William Street Fund.

Simpson, Thacher & Bartlett, New York City, for appellees Hunter, Manheim, Mazur and Lehman Brothers, and appearing pro se.

Hughes, Hubbard, Blair & Reed, New York City, for appellee Reed.

Benjamin C. Milner, III, and Powell Pierpoint, New York City, of counsel, for appellees.

Before SMITH and MARSHALL, Circuit Judges, and METZNER, District Judge.*

SMITH, Circuit Judge:

William Leighton, a stockholder of record of the One William Street Fund, Inc. (the "Fund"), appeals from three separate orders of the United States District Court for the Southern District of New York, Wilfred Feinberg, Harold R. Tyler, Jr. and Irving Ben Cooper, District Judges, respectively, requiring plaintiff to post $1,000 as security for costs in his derivative suit and denying plaintiff's motions for: (1) a preliminary injunction restraining Lehman Brothers from acting as broker for the Fund; (2) the appointment of a receiver for the Fund; (3) an injunction against the voting of proxies solicited by means of a certain July 31, 1964 proxy statement; and (4) an injunction to prevent the Fund from delivering an instrument in the nature of a release in settlement of the Fund's suit against the Transitron Electronic Corporation. Leighton, the owner of ten shares of the Fund out of a total of 17,000,000, instituted this derivative stockholders suit against the Fund, Lehman Brothers (the Fund's investment adviser), and four individual directors of the Fund, three of whom are partners in Lehman Brothers.

Leighton contends on appeal that requiring him to post security for costs constitutes an abuse of discretion and that the denials of the injunctions and of the motion for the appointment of a receiver are similarly improper, in particular because the court in each instance did not specify the grounds upon which the motion was being denied. We find that the $1,000 bond is reasonable under the circumstances, that the failure to make findings of fact and conclusions of

---

* Sitting by designation.

law in ruling on the motions was harmless error, and that Leighton as a matter of law was not entitled to any of the relief requested by him. Judge Tyler's order denying the injunction to prevent the voting of the proxies is now moot; the remaining orders are affirmed.

## I.

■ The granting of appellees' motion for security was proper under Rule 2, Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.[1] We recently held in Leighton v. Paramount Pictures Corp., 340 F.2d 859; (Jan. 12, 1965), that Rule 2 empowers the District Court to compel security for costs in a derivative suit where such security is appropriate. Where, as here, the risk of abuse is manifest (Leighton purchased his ten shares only one month before he commenced his efforts to take part in shareholder litigation), requiring that bond, reasonable in amount, be posted as a condition to the continued prosecution of the derivative action, is justified. There is no claim here of inability to post the $1,000 bond set, and it has in fact been posted. We hold the amount reasonable.

## II.

■ Judge Tyler, in apparent noncompliance with Rule 52(a) of the Federal Rules of Civil Procedure which requires the court to find the facts specially and state separately its conclusions of law, rejected plaintiff's motion rather summarily by simply saying, "for the reasons stated in open court and upon the record, said motion is in all respects denied." Judge Cooper elaborated somewhat more on the grounds for denying the motion before him, but his concise opinion hardly satisfied the requirements of the Rule. The purpose of Rule 52(a),

as it is applied to a non-jury case, is usually stated to be three-fold: (1) to aid the appellate court by affording it a clear understanding of the ground or the basis of the decision of the trial court; (2) to make definite just what is decided by the case to enable the application of *res judicata* and estoppel principles to subsequent decisions; and (3) to evoke care on the part of the trial judge in ascertaining the facts. Barron and Holtzoff, Federal Practice and Procedure, § 1121 (1961), 5 Moore, Federal Practice, ¶52.06[2] (2d ed. 1951). Of course, the general intent of Rule 52(a) is that of avoiding possible prejudice to any of the parties in the prosecution or defense of the controversy. Thus, where the court's failure to make the required findings does not have the effect of prejudicing a party's position the error may be merely harmless. See 28 U.S.C. § 2111, the "harmless error" statute; Rossiter v. Vogel, 148 F.2d 292 (2 Cir. 1945); Jockmus v. United States, 335 F.2d 23 (2 Cir. 1964). Under analogous circumstances, in a case involving Rule 51, this court held that failure to comply with that Rule does not automatically require reversal unless it is reasonable to suppose that there has been resulting prejudice to one of the parties. Swain v. Boeing Airplane Co., 337 F.2d 940 (2 Cir. 1964), cert. denied 85 S.Ct. 1083, March 29, 1965. Where, as in this case, it is possible to determine the bases upon which the court below acted, and the record is clear enough for appellant to recognize those grounds, appellant has not been prejudiced.

■ Leighton's rights in the prosecution of his derivative suit have not been unfairly affected, if at all. The court's order rejecting plaintiff's motion to enjoin Lehman Brothers from acting as broker to the Fund was a proper ex-

1. Rule 2—Security for Costs
 "The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the court may make such orders in regard

to non-compliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party."

ercise of the court's discretion in view of the fact that plaintiff made no showing that irreparable injury would result if the injunction were denied. If Lehman Brothers should act improperly as broker for the Fund, monetary damages would be an entirely adequate form of relief. In any case, a plenary trial on the merits, as Judge Tyler indicated in his colloquy with Leighton, is a much better alternative to the drastic relief requested. Leighton erroneously relies on SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 84 S.Ct. 275, 11 L.Ed.2d 237 (1963), for the proposition that the Investment Advisers Act requires the granting of an injunction in advance of a plenary suit in a case of this sort; Capital Gains presented a completely distinguishable situation. In that case, the Securities and Exchange Commission succeeded in obtaining an injunction compelling the investment adviser to make certain disclosures of "scalping" practices which otherwise operated as a fraud upon the adviser's clients. It had nothing to do with a brokerage firm and it did not go so far as to order a severing of the advisory relationship.

██ The court below was likewise correct in refusing to appoint a receiver for the Fund. Leighton's request, as in the preceding instance, was premised on claimed conflicts of interest concerning Lehman Brothers' relationship with the Fund and, additionally, on alleged waste of the Fund's assets by the defendant directors. Considering the extraordinary nature of the relief sought and the fact that any waste would be compensable in damages, and in view of the court's finding that there was no danger of irreparable injury, the ruling was proper.

 Turning finally to Judge Cooper's order, denying Leighton's motion to enjoin the Fund from delivering any releases in settlement of certain litigation arising out of a public offering in 1960 of Transitron common stock, we fail to discern how that denial may have prejudiced plaintiff's derivative action. In count four of his complaint, in typical shotgun fashion, plaintiff alleges various acts of waste on the part of the defendant directors in managing the Fund's assets, placing particular emphasis on the Fund's relationship with Lehman Brothers, and describes at length the Transitron transaction, also involving Lehman Brothers, which culminated in a substantial loss to the Fund. Plaintiff now seeks this injunctive relief asserting that the giving of the release to Transitron will result in a further waste and dissipation of the Fund's assets. The delivery of a release in settlement of a lawsuit is not an act of waste where fair consideration is received in return, which is apparently the case here, and, in any event, neither the derivative cause of action against Lehman Brothers nor against the directors for waste will be impaired in any way by this settlement. Furthermore, the settlement of the Transitron suit, which involves other purchasers of the stock besides the Fund, is currently under the supervision of another District Court.[2]

The orders appealed from are affirmed.

---

2. See Cherner v. Transitron Electronic Corp., 221 F.Supp. 48 (D.C.Mass.).