[No. 37541. Department Two. December 30, 1965.]

FRANK C. FERRELL et al., Respondents, v. CLARENCE E.
CRONRATH et al., Respondents, HERBERT J. DROKER
et al., Appellants.*

Lycette, Diamond & Sylvester, by Albert O. Prince, for appellants.

Hennings, Maltman & Weber, for respondents.

ROSELLINI, C. J.—The original plaintiffs in this action, Frank C. Ferrell and wife, sold in April, 1960, on a conditional sales contract, a tavern located in Redmond, Washington, known as the "Red Derby Tavern," to the respondents Clarence E. Cronrath and wife. The price contracted to be paid was $25,000. The building in which the tavern is located is owned by one Grace Thomas, and, simultaneously with the purchase of the tavern, the respondents negotiated a 5-year lease on the premises.

The respondents operated the Red Derby Tavern from

*Reported in 409 P.2d 472.

April, 1960, to December, 1960, when they sold it on conditional sales contract, for $27,500, to one Rawley D. Van Eaton and wife. The lease to the premises was assigned to the Van Eatons as a part of the transaction, which was closed by the appellant Herbert J. Droker, an attorney, who acted as escrow agent. Herbert J. Droker will be referred to hereafter as the appellant.

Because the Van Eatons' mailing address was in Bothell, Washington, the appellant assumed that their residence was in King County, and accordingly he filed the conditional sales contract in King County. In fact, the Van Eatons lived just over the county line in Snohomish County.

The Red Derby Tavern was operated by the Van Eatons until August, 1961, when they abandoned it. They were in arrears in their payments on the contract at that time. In April, 1962, Rawley Van Eaton declared bankruptcy and listed the tavern as an asset in his estate.

In the meantime, the respondents had attempted to forfeit the Van Eaton contract but had been unable to locate the Van Eatons and serve the notice of forfeiture on them. The respondents found some prospective purchasers of the tavern but could not effect a sale because the Van Eatons, acting through their attorneys, refused to assign the liquor license unless they were paid $5,000.

However, it appears that, had a sale been consummated, the proceeds would have been the property of the trustee in bankruptcy of the Van Eaton estate, inasmuch as the bankruptcy court held that, since the contract had not been filed in the proper county, the respondents had lost their security interest in the tavern; and further held that there had not been a forfeiture of the contract by the respondents.

The trustee in bankruptcy sold the tavern to one Angelo Paglia for $6,300 cash. It appeared that, after the tavern had been declared an asset of the bankrupt estate, Mr. Paglia had secured a lease of the premises from Grace Thomas; and although the trustee had received an offer of $15,000 from another prospective purchaser, he could not accept that offer because he could not deliver the lease.

At about this time, the plaintiffs Ferrell brought this action to recover the balance owed on their contract with the respondents and were awarded judgment in the amount of $11,576.22, which included attorney's fees. The respondents named the appellant and his wife as additional defendants, alleging that they had lost their security interest in the tavern as a result of the appellant's negligence in failing to file the Van Eaton contract in the proper county.

On this phase of the case, the trial court held that the respondents had lost their security interest in the tavern as a direct result of the negligence of the appellant, and awarded judgment in their favor in the net amount of $10,200. It is from this judgment that this appeal is taken.

■ The appellant concedes that he was negligent in failing to file the contract in the proper county. However, he contends that this negligence was not the proximate cause of the respondents' loss. We see no merit in this contention. The respondents were deprived of their security interest in the one substantial asset in the bankrupt's estate and were forced to take their place among the general creditors because of their failure to file the contract in the county in which the vendees resided, as provided in RCW 63.12.010.

The appellant suggests that the respondents made an election of remedies when they attempted to forfeit the Van Eaton contract. Whether they did or not is of no consequence in this action. As we have observed heretofore, a successful forfeiture would not have saved the property for the respondents, since the bankruptcy court held that the trustee was subrogated to their rights. Nor is it material that the trustee failed to maintain the lease on the premises. The owner of the building testified that she would have permitted the respondents to pay the back rent and keep the lease in force at any time that they were able to find a purchaser. It was after the tavern had been declared a part of the bankrupt's estate, and the respondents knew that they had no legal right to sell it, that the owner gave a new lease to Paglia.

■ The trial court's failure to make findings of fact

on these matters, to which the appellant assigns error, was therefore not prejudicial and does not require a reversal.

The appellant also urges that the wrong measure of damages was applied. He concedes that the measure of damages is the loss occasioned by his negligence. That loss in this instance was the value of the respondents' security interest in the property. The balance owed on the Van Eaton contract was approximately $17,500. The tavern was sold at forced sale for $6,300. Testimony of real estate brokers as to the true value of the tavern ranged from $8,000 to $15,000 or more.

A reading of the trial court's remarks at the time the decision was rendered indicates that the court had in mind the proper measure of damages, and the court felt that the value had to be set at some point between the highest and lowest estimates given by the witnesses. The value which the court found, $11,200 (from which was deducted $1,000, being the dividend on the respondents' bankruptcy claim), is approximately at the median between these two. Where the finding of the trial court as to the amount of damages is within the range of relevant testimony, it will not be disturbed on appeal. *Steele v. Queen City Broadcasting Co.*, 54 Wn.2d 402, 341 P.2d 499.

The judgment is affirmed.

FINLEY, WEAVER, and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.