## No. 25142.

THE PEOPLE OF THE STATE OF COLORADO *v.* GENE VIGIL.

(489 P.2d 588)

Decided August 9, 1971.

No appearance for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, T. PETER CRAVEN, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is an interlocutory appeal for review of a trial court ruling denying defendant Gene Vigil's motion to suppress as evidence a confession and certain articles recovered as a result of a search and seizure. The facts

relevant to our disposition of this case are, briefly, as follows:

On Saturday, August 22, 1970, the theft of various articles, including several checks, was reported. That same night, the defendant was arrested in connection with the above crime, taken to a hospital for treatment of a severe head laceration, and jailed in the Eagle County Jail. On the following Monday, August 24, 1970, the sheriff "advised the defendant of his rights" and then procured a confession to the above crime as well as the location of the stolen articles. A search warrant was then issued for the defendant's residence — the home of his father — and the articles were recovered. On Wednesday, August 26, 1971, the defendant was taken before the Eagle County Court, advised of his rights, and given the opportunity to post bail. He was subsequently charged by information on September 28, 1970, with the crime of theft by taking a check valued at more than $100 in violation of 1965 Perm. Supp., C.R.S. 1963, 40-5-2. The record before us reflects that the check in question was one of the items stolen and later recovered at the defendant's residence.

We note that in denying the motion to suppress both the confession and the items recovered during the above search, the trial court neither stated nor alluded to any grounds upon which it may have relied. We have previously stated our disapproval of the practice of granting or denying Motions to Suppress without the inclusion of appropriate findings of fact by the trial court, and we reiterate such disapproval today. *See People v. Jenkins,* 174 Colo. 26, 481 P.2d 714 (1971); *People v. Ortega,* 173 Colo. 564, 481 P.2d 727 (1971); *People v. Reyes,* 173 Colo. 301, 477 P.2d 790 (1970). Further, the People have not seen fit to favor this court with any argument or answer to the brief filed by the defendant, nor has error been confessed, or any other reason for such failure to answer been supplied.

Nevertheless, it would be futile to remand this appeal

for findings because from the record it is readily apparent as a matter of law that the confession should be suppressed and likewise the evidence as "fruit of the poison tree."

I.

■ The defendant first asserts that he was not adequately advised of his rights prior to interrogation, and therefore the confession should be suppressed. We agree.

■ We have previously held that:
"Before a criminal defendant's extra-judicial statement is admissible as evidence against him, a trial court must find beyond a reasonable doubt that the defendant was fully informed of his constitutional rights, and that he intelligently and expressly waived them." *People v. Kelley,* 172 Colo. 39, 470 P.2d 32 (1970). *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The sheriff testified that when he went to the defendant's cell, he advised him of his rights as follows: "Q. And what were the rights that you advised him of? "A. That he had the right to remain silent if he wanted to and that he did not have to talk to me; that any statement he gave could and would be used against him in a Court of Law; that if he did not have an attorney that one may be appointed for him by the Court."

The record before us discloses no other advisement of rights prior to the appearance before the county court on the following Wednesday.

■ The warnings given in the instant case fall short of the requirements in *Miranda* in at least two respects. First, the defendant was not informed that he had a right to have an attorney present before any questioning; and secondly, he was not informed that if he desired to have an attorney present but could not afford one, one would be appointed for him without charge. *Miranda, supra.* The right to have counsel appointed without charge if desired is particularly apropos here. The record shows

that when the defendant was finally brought before a magistrate on Wednesday, he was found to be indigent, and the public defender was appointed to represent him, continuing in that capacity today. The situation here is in no wise similar to that which occurred in our recent case of *Mora v. People,* 173 Colo. 552, 481 P.2d 729 (1971).

In fact, here the situation is quite the opposite. The authorities knew that the defendant was a high school student, came from a poor family who spoke broken English, and whose home was a small rural community. In our opinion this is precisely that situation requiring a most explicit explanation to the defendant of his right to counsel and right to remain silent. The purported "advisement of rights" given the defendant herein fal's woefully short of that required by *Miranda.* Although based primarily upon *Escobedo v. State of Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), we find the following laguage from *Nez v. People,* 167 Colo. 23, 445 P.2d 68 (1968) appropriate to the situation here before us:

"But this defendant was a semi-literate Navajo Indian, with limited understanding of the English language, and ignorant of legal processes and constitutional rights. It would violate the intendment of the *Escobedo* rule to deny its application to a defendant because he failed to request counsel, when his failure is derived from that very ignorance which demands solicitude from our legal processes." *Id.*

The defendant's motion to suppress his confession should have been granted by the trial court.

## II.

After the defendant's confession was obtained by the sheriff, a warrant was issued for the search of the home of the father, where the defendant resided. The affidavit presented before the judge in obtaining this warrant read in part as follows:

"Probable cause is shown by the fact that after having

378

been advised of his rights, the Defendant stated that the property sought was located at the place to be searched [the described residence]."

█ The above constituting the sum and substance of the justification for the warrant shown on the affidavit, the question becomes whether the unlawfully obtained confession can be utilized to substantiate the warrant authorizing the search of the defendant's residence.

The "fruit of the poison tree" doctrine was explained and applied in *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 441 (1963), when the Court stated at 371 U.S. 484, 485:

"The exclusionary prohibition extends as well to the indirect as the direct products of such invasions. *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319. Mr. Justice Holmes speaking for the Court in that case, in holding that the Government might not make use of information obtained during an unlawful search to subpoena from the victims the very documents illegally viewed, expressed succinctly the policy of the broad exclusionary rule:

'The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all. * * *'

"The exclusionary rule has traditionally barred from trial physical, *tangible materials obtained either during or as the direct result of an unlawful invasion. * * *"* Id. (Emphasis added.)

The "fruit of the poison tree" doctrine has been made applicable to Colorado in *People v. Orf,* 172 Colo. 253, 472 P.2d 123, where this Court found that the facts did not support the application of the doctrine because the allegedly tainted information was in fact obtained by officers from independent, lawful sources apart from the defendant's statements. In adopting the doctrine, we spoke as follows:

"The defendant relies on *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, for the proposition that evidence wrongfully acquired may not be used. * * *

"We have no quarrel with the doctrine, but we do not agree with the defendant that it is applicable here. To apply the doctrine, the *fruit* of the search must have been obtained as the direct result of a violation of the defendant's constitutional rights — such a violation is said to 'taint' the tree and, in turn, 'the fruit'."

The requirements set forth in *Orf, supra,* have been met in the present record. The sole basis of a probable cause for the search of the defendant's home presented in the affidavit was his confession, and no other independent source. Hence, under the "fruit of the poison tree" doctrine, the articles obtained, an electric shaver and charger, a stereo record player with records, a check, and some clothing must be suppressed.

The ruling of the trial court is reversed, and the cause remanded with directions to grant the defendant's motion to suppress the confession and articles recovered during the search of the defendant's residence.