**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Anthony SICILIA, Defendant-Appellee.**

**No. 71-1292.**

United States Court of Appeals, Seventh Circuit.

March 13, 1972.

James R. Thompson, U. S. Atty., Matthias A. Lydon, Asst. U. S. Atty., Chicago, Ill., William J. Bauer, U. S. Atty., Chicago, Ill., for plaintiff-appellant; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Louis Carbonaro, Carbonaro & Carbonaro, Chicago, Ill., for defendant-appellee.

Before SWYGERT, Chief Judge, STEVENS, Circuit Judge, and ESCHBACH, District Judge.[*]

PER CURIAM.

The issue raised by this appeal is whether the district court erred in granting defendant-appellee Sicilia's motion to suppress certain evidence found by the district court to have been seized

---

[*]The Honorable Jesse E. Eschbach, United States District Judge for the Northern District of Indiana, is sitting by designation.

in violation of Sicilia's constitutional rights. We find that on the basis of the record before us, we are unable to reach this issue.

The court is unable to even briefly recite the facts in this cause, as the district court judge made no recorded findings of fact. Following the submission of the evidence, the court concluded from the bench that "The motion to suppress the evidence in this case is granted, the Court feeling that the provisions and requirements of the *Miranda* case were not complied with by the FBI." This appeal raises numerous complex legal issues concerning the extent of the protection accorded defendant under the Fourth and Fifth Amendments, including, *inter alia,* the validity of an alleged consent to search and the requirement of *Miranda* warnings under the circumstances here presented. Moreover, it is obvious from the transcript of these proceedings that there existed material factual disputes between the FBI agents and the defendant and his son. It becomes impossible to resolve these issues without some factual basis from which this court can proceed.

The defendant-appellee argues that the correct test to be applied by an appellate tribunal to a district court's findings of fact on a motion to suppress is the "clearly erroneous" test prescribed in Fed.R.Civ.P. 52(a) and applied to a motion to suppress in the criminal context in Haire v. Sarver, 437 F.2d 1262 (8th Cir. 1971), Wren v. United States, 352 F.2d 617 (10th Cir. 1965), cert. denied, 384 U.S. 944, 86 S.Ct. 1469, 16 L. Ed.2d 542 (1966), and United States v. Page, 302 F.2d 81 (9th Cir. 1962). Assuming for the moment that this is the proper test, we are yet unable to reach the issues before us because the court is presented with no findings to which it can apply that test. The Federal Rules of Criminal Procedure do not specifically mandate that a recorded finding of fact be made by the trial judge on a motion to suppress. However, this court notes that a district judge would be well advised, at least in this circuit, to record

his findings of fact and conclusions thereon, especially where, as here, the factual and legal context is somewhat complicated.

Accordingly, this cause is remanded to the district court with directions to record findings of fact and conclusions thereon.