281 So.2d 417 (1973)
STATE of Florida, Appellant,
v.
Lon S. HYSELL, Appellee.
No. 72-966.
District Court of Appeal of Florida, Second District.
August 17, 1973.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
James A. Gardner, Public Defender, and Mary Jo M. Gallay, Asst. Public Defender, Bradenton, for appellee.
PER CURIAM.
The State appeals from the trial court's order granting a motion to suppress evidence. Appellee, Lon S. Hysell, was charged with unlawful possession of marijuana. The motion to suppress was directed to certain contraband found by the police officers during a search of appellee's automobile. The State seeks, in effect, to validate the search and use of the seized evidence on the basis of a consent search. (U.S.Const. amend. IV & amend. XIV).
There can be no serious doubt that when a defendant gives consent, freely and voluntarily, to a search of his own property, the necessity for a search warrant is obviated, and the defendant cannot then complain of the fruits of the search. It is equally well established by abundant judicial interpretation that a voluntary consent to a search or seizure waives the well-known immunity rule.
We also note that voluntary consent is to be determined from the totality of all the circumstances involved in a particular proceeding. As was stated by the *418 Supreme Court in Schneckloth v. Bustamonte, 1973, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (opinion rendered May 29, 1973, not yet reported) knowledge of a right to refuse is not a prerequisite of a voluntary consent search.
Whether such consent has been given is, in the first instance, a question of fact to be determined by the trial court in the light of the totality of the circumstances of this case. After proper hearing, the trial judge ordered the evidence suppressed. But, it is respectfully submitted, we cannot infer from the record that the trial court made such a finding of fact. In the absence of such finding, we are unable to assume and discharge the traditional role and function of an appellate court. The trial court is vested with the exclusive power to determine and decide fact matters. We are ill-equipped to do so.
For the reasons stated herein, we remand the case to the trial court with directions to take such further proceedings upon the motion to suppress as are not inconsistent with this opinion and as the trial court deems advisable.
HOBSON and BOARDMAN, JJ., concur.
MANN, C.J., dissents, with opinion.
MANN, Chief Judge (dissenting).
I have searched in vain for evidence that "the traditional role and function of an appellate court" requires us to remand a case for findings of fact. There is no rule requiring the trial judge to make findings of fact, although I would agree that they would be useful. Since there is a view of the facts which would sustain the order appealed from, I think the traditional role and function of an appellate court would require us to affirm. The appellant always bears the burden of showing that the trial judge erred, and the majority would, by necessary implication, admit that this burden has not been borne. Else why remand? If we direct further proceedings, by what authority do we do so? I have searched, and have found none.
I am more strongly persuaded by the argument adopted by the United States Court of Appeals for the Fifth Circuit in United States v. Montos, 1970, 421 F.2d 215. My brother Boardman was then the distinguished United States Attorney for the Middle District of Florida and successfully defended against the claim that a motion to suppress was wrongly determined by the trial judge. Footnote 1 to that opinion sums up my view:
Stokes and Montos gave the Trial Judge conflicting accounts of the events leading up to and following defendant's arrest. Neither the Trial Judge nor the Judge presiding at the pretrial hearing made findings on defendant's motions to suppress. If findings had been made  which is the better practice  this Court would have been required to accept them unless they were clearly erroneous. United States v. Ogle, 5 Cir., 1969, 418 F.2d 238; see 3 Wright, Federal Practice and Procedure § 675, at 130 (1969). Since findings were not made, we uphold the ruling of the Trial Court if there is any reasonable view of the evidence to support it. See Scarbeck v. United States, 1962, 115 U.S.App.D.C. 135, 317 F.2d 546, 562, cert. denied, 374 U.S. 856, 83 S.Ct. 1897, 10 L.Ed.2d 1077 (1963). Credibility determinations are for the Trial Court. In this case, therefore, a reasonable view of the evidence is that the Trial Court accepted Stokes' version of the arrest and search.
Schneckloth v. Bustamonte, 1973, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854, does not alter the situation. All of us agree that the absence of a Miranda-like warning does not in and of itself vitiate a consent search following an unlawful arrest. State v. Spanierman, Fla.App.2d 1972, 267 So.2d 102. Nothing in this record indicates that the trial judge was ignorant of or failed to follow this rule.
*419 What is at stake here is an important question of relationships between trial and appellate courts. I find no warrant for remanding this case to the trial court with directions to that judge to do something which the rules did not require him to do in the first instance. I must therefore respectfully dissent.