THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT BONDS, Defendant-Appellant.

(No. 59327;

First District (1st Division)—February 18, 1975.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell and Ira Churgin, Assistant Public Defenders, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

To be decided is whether the record shows that in denying a motion to suppress statements made by the defendant to a police officer during custodial police interrogation the court found that proper warnings had been given as mandated by *Miranda v. Arizona*, 384 U. S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602, and whether the evidence supports such a finding.

A jury found defendant, who claimed he was acting in self-defense, guilty of murder. Prior to trial, defendant moved to suppress statements he made to police officers, contending their admission in evidence would violate his constitutional privilege against self-incrimination.

Defendant was arrested outside the building where the homicide took place, shortly after it occurred. The testimony of the arresting officer, corroborated by one of his partners, was that he immediately placed defendant in a squad car and then read *Miranda* warnings to the defendant from a card issued by the Chicago Police Department. The card was produced at the hearing on the motion to suppress, and the portion of the card which the arresting officer testified he read to the defendant contained full and complete *Miranda* warnings. The defendant denied that the arresting officer read any rights to him, but also admitted that the arresting officer had read to him from a piece of paper. The defendant was not interrogated by the arresting officer or his partners. They took the defendant to a police station, where he was interrogated by a homicide investigator (referred to herein as "the investigating officer") without participation by the arresting officer or his partners.

Statements which the investigating officer testified the defendant made to him were incriminating and inconsistent with self-defense.

At the hearing on the motion to suppress, the investigating officer testified on direct examination that he gave defendant the following warnings:

> "I advised him that he did not have to say anything to anybody if he did not wish to, * * * [that] he had a right to have an attorney before and during any questioning that took place, * * * *that if he did not have funds to hire an attorney, an attorney would be provided for him free of charge, by the State of Illinois, at a later date in court,* and * * * that anything he did say or write could and would be used against him in a court of law." (Emphasis added.)

The investigating officer then testified that defendant had not been mistreated, that no promises were made to him, and that he had not been mentally coerced. After this testimony, the investigating officer responded in the affirmative to the following question:

> "Officer, furthermore, during your advising Robert Bonds of his constitutional rights, in the jail area, did you have occasion to tell him if he could not afford a lawyer, a lawyer would be appointed by the State, and that that lawyer would be present with him during any questioning, or during any statement he would make to you at that time?"

Defense counsel neither objected to the leading form of this question nor

cross-examined the investigating officer regarding the warnings given the defendant.

Defendant's testimony was that he did not remember seeing or talking to the investigating officer.

■■ Defendant argues that the trial court denied the motion to suppress on the ground that defendant could not both deny making a statement to the investigating officer and still seek to have his statement suppressed. It would have been improper for the trial court to deny the motion for that reason. ( *Lee v. Mississippi,* 332 U.S. 742, 92 L.Ed. 330, 68 S.Ct. 300; *People v. Norfleet* (1963), 29 Ill.2d 287, 194 N.E.2d 220.) But the record does not show this was why the motion to suppress was denied. The record does show that the court found that defendant could not recall talking to the investigating officer and offered no other evidence in support of his motion and, consequently, there was nothing to contradict the investigating officer's testimony and no basis on which the court could grant the motion to suppress. The confusion defendant claimed attended the ruling on this motion could have been avoided had the trial judge more clearly and specifically stated his reasons for denying the motion. Nevertheless, a careful examination of the record reveals that the basis for the trial judge's denial was his finding that proper warnings had been given.

The same conclusion could be reached by reliance on *People v. Thompson* (1971), 48 Ill.2d 41, 43, 268 N.E.2d 369, 370, and *People v. Carter* (1968), 39 Ill.2d 31, 38, 233 N.E.2d 393, 397, which hold that the denial of a motion to suppress constitutes a sufficient finding that a statement was voluntary. However, the preferred practice is for trial judges in ruling on motions of the type involved here to include their findings of fact in the record.

■■ On the issue of whether the evidence supports the findings of the trial judge, defendant argues that it was only in response to a leading question that the investigating officer testified he informed the defendant he could have a court-appointed lawyer then and there. Because prior to the leading question the investigating officer testified that his warning to the defendant was that an attorney would be provided by the State "at a later date in court," defendant urges this court to ignore the response to the leading question and then to conclude that the evidence was insufficient to establish that proper warnings were given by the investigating officer. Since defendant did not object to the form of the question during the hearing, he waived his objection. *People v. Dukett* (1974), 56 Ill.2d 432, 308 N.E.2d 590; *People v. Thompson* (1971), 48 Ill.2d 41, 268 N.E.2d 369; *People v. McCrimmon* (1967), 37 Ill.2d 40, 224 N.E.2d 822.

■■ Under some circumstances objections based on important constitu-

tional prohibitions which have not been raised at trial may be raised on appeal. (*United States v. Rose* (2d Cir. 1974), 500 F.2d 12; McCormick's Handbook on the Law of Evidence 120, footnote 82 (2d ed. 1972.) The procedural device for correcting such a situation in Illinois courts is supplied by Supreme Court Rule 615(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(a)). (*People v. Graves* (1974), 23 Ill.App.3d 762, 320 N.E.2d 95.) Objection to a leading question when waived even during a *Miranda* hearing does not involve relinquishment of a constitutional right and cannot be raised for the first time on appeal.

■■ The weight to be given to the response to a leading question to which no objection was made is a decision for the trial judge who had the opportunity to evaluate the testimony after observing the witness' demeanor during interrogation. The defendant offered no evidence to show that the investigating officer failed to give proper warnings, or that the warnings he gave were inconsistent with those given by the arresting officer.

■■■ Whether a defendant was properly advised of his fifth amendment rights is a decision to be made by the trial court, and that court's decision should not be disturbed unless its finding is manifestly against the weight of the evidence. (*People v. Pittman* (1973), 55 Ill.2d 39, 302 N.E.2d 7; *People v. McDonald* (1973), 15 Ill.App.3d 620, 305 N.E.2d 69; *People v. Willis*, 26 Ill.App.3d 518, 325 N.E.2d 715.) The record was adequate to support the finding by the trial judge based on the testimony of three police officers that the warnings required by *Miranda* were fully and properly given. (*People v. Higgins* (1972), 50 Ill.2d 221, 278 N.E.2d 68.) Accordingly, the judgment is affirmed.

Judgment affirmed.

BURKE, P. J., and EGAN, J., concur.