[No. 44476. En Banc. December 29, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. GERALD ALLEN AGEE, ET AL, *Petitioners.*

*J. Dean Morgan* and *Jackson H. Welch* of *Clark County Legal Services,* for petitioners.

*James E. Carty, Prosecuting Attorney,* and *Roger A. Bennett, Deputy,* for respondent.

HOROWITZ, J.—We granted defendants' petition for review in this case to consider the single issue of whether a trial court should enter findings of fact and conclusions of law after a suppression of evidence hearing under CrR 4.5.

The facts, being undisputed, are briefly summarized.[1] Defendants Agee and Chulufas were arrested for possession of LSD in Vancouver, Washington, on June 19, 1975. The arrest was made after an informant telephoned police officers defendants would arrive at a certain house in about 40 minutes to buy drugs. Police arrived at the house, waited therein with the informant, and then made the arrests when defendants arrived.

Defendants filed a motion to suppress evidence seized in a search of their persons on the grounds there was no search warrant and the police did not ask informant if he

---

[1] The facts are set forth in greater detail in *State v. Agee,* 15 Wn. App. 709, 552 P.2d 1084 (1976).

had permission to be in the house in which the arrest was made.

Eight witnesses testified at the suppression hearing. The trial court granted defendants' motion to suppress and ordered the case dismissed. Pursuant to the State's motion the trial court entered findings of fact and conclusions of law concerning the suppression hearing. The findings and conclusions entered by the court, however, were prepared by defendants' counsel.

The State appealed and the Court of Appeals, Division Two, reversed on two grounds (1) the police were not required to ask the informant if he was lawfully in the house he called from, and (2) there were exigent circumstances excusing the necessity of obtaining a search warrant. In its opinion, the court treated the trial court's findings and conclusions as "surplusage." It stated:

> there is no requirement for entry of formal findings of fact and conclusions of law in suppression hearings. Such a proceeding is not an action "tried upon the facts," CR 52(a)(1); RCW 4.44.050; nor are such findings required by "statute, by another rule, or by a local rule of the superior court." CR 52(a)(2)(C); RCW 4.44.050. Neither are they necessary to decisions on motions, CR 52(a)(5)(B). Motions to suppress are now governed by CrR 4.5, which makes no provision for such findings. If our Supreme Court had intended they be required, it would have specifically provided for them as it did in "voluntariness" hearings under CrR 3.5. Not being required by statute or rule, they are surplusage in this case and without prejudice to the state. *Sinclair v. Betlach,* 1 Wn. App. 1033, 467 P.2d 344 (1970); *State ex rel. Carroll v. Simmons,* 61 Wn.2d 146, 377 P.2d 421 (1962). We have, therefore, looked to the entire record to determine if the trial court's suppression order was a correct application of the law.

*State v. Agee,* 15 Wn. App. 709, 712–13, 552 P.2d 1084 (1976).

In the petition for review, defendants maintain the trial court's findings of fact must be accepted as verities because the State did not assign error to any of them. We granted

their petition for review but limited the issues to be decided to whether findings of fact and conclusions of law are necessary in a suppression of evidence hearing.

▮▮ We first point out if the Court of Appeals erred in disregarding the trial court's findings, the error did not prejudice defendants because the facts are not disputed. The controlling facts as set forth in the Court of Appeals opinion follow closely and without conflict the trial court's findings. Defendants' own counsel drafted the findings, and the State explained it did not assign error to any findings because there was no factual dispute. Whether the Court of Appeals erred in treating the court's findings and conclusions as "surplusage," there was no prejudice and error without prejudice is not ground for reversal. *State v. Rogers,* 83 Wn.2d 553, 520 P.2d 159 (1974), *cert. denied,* 419 U.S. 1053, 42 L. Ed. 2d 650, 95 S. Ct. 633 (1974); *Ferrell v. Cronrath,* 67 Wn.2d 642, 409 P.2d 472 (1965).

The treatment by the Court of Appeals of the trial court's findings as "surplusage" in a hearing on a motion to suppress evidence under CrR 4.5, much in the manner as findings and conclusions on a motion for summary judgment are treated, requires further consideration.

▮ CrR 4.5 is silent on the matter whether a trial court must enter findings and conclusions in suppression hearings. Prior Washington case law has neither imposed nor prohibited such requirement. If findings and conclusions are entered, the question arises as to the effect an appellate court must give such findings and conclusions.

This court has held a trial court's findings following a suppression hearing are entitled to "great significance" or "great weight." This court has borne in mind its duty to make an independent evaluation of the evidence where constitutional rights are involved. *State v. Byers,* 85 Wn.2d 783, 786, 539 P.2d 833 (1975); *State v. Smith,* 72 Wn.2d 479, 481, 434 P.2d 5 (1967).

The Court of Appeals is divided. Division Three follows the "great weight" rule. *State v. Sharp,* 15 Wn. App. 585, 588, 550 P.2d 705 (1976). Division One holds the trial

court's findings of fact following a suppression of evidence hearing will be upheld if supported by substantial evidence. *State v. Johnson,* 11 Wn. App. 311, 522 P.2d 1179 (1974); *State v. Kerens,* 9 Wn. App. 449, 513 P.2d 63 (1973).

Division Two held in *State v. Howard,* 7 Wn. App. 668, 669, 502 P.2d 1043 (1972), that findings of fact entered in a suppression of evidence hearing will be accepted as verities on appeal unless challenged by appellant. Subsequent to the "mere surplusage" language in its opinion in this case, Division Two sought to reconcile *Howard* and *Agee* by holding findings are mere surplusage only when the testimony is not conflicting but also holds findings supported by substantial, although disputed evidence, are accepted as verities on appeal. *State v. Williams,* 16 Wn. App. 868, 870, 560 P.2d 1160 (1977). Except for the Court of Appeals opinion in this case, the necessity or desirability of findings and conclusions has not been previously discussed in decisions of this state with reference to hearings on a motion to suppress evidence.

This court has recognized both by rule and decision that knowledge of the basis for a trial court's ruling or decision is often essential to enable it to properly dispose of an appeal. Accordingly, several rules require the trial court to state on the record the reasons for its decision. CR 52(a)(1) requires findings of fact and conclusions of law in all actions "tried upon the facts." *See also* RCW 4.44.050. Findings and conclusions are also required in criminal cases by RCW 10.46.070, which is superseded in part by CrR 6. *State v. Russell,* 68 Wn.2d 748, 415 P.2d 503 (1966); *State v. Helsel,* 61 Wn.2d 81, 377 P.2d 408 (1962).

At the conclusion of a confession hearing under CrR 3.5, the trial court must set forth in writing, "(1) the undisputed facts; (2) the disputed facts; (3) conclusions as to the disputed facts; and (4) conclusion as to whether the statement is admissible and the reasons therefor." CrR 3.5(c). Similarly, at the conclusion of a motion for a new trial in a civil or criminal case, it is required that:

> In all cases where the court grants a motion for a new trial, it shall, in the order granting the motion, state whether the order is based upon the record or upon facts and circumstances outside the record which cannot be made a part thereof. If the order is based upon the record, the court shall give definite reasons of law and facts for its order. If the order is based upon matters outside the record, the court shall state the facts and circumstances upon which it relied.

CrR 7.6(d). *See also* CR 59(f).

The requirement of findings and conclusions or a statement of reasons in both civil and criminal cases serves important purposes. Under Fed. R. Civ. P. 52(a), which corresponds to CR 52(a), it has been explained the requirement of findings and conclusions is to insure the trial judge "has dealt fully and properly with all the issues in the case before he decides it and so that the parties involved and this court on appeal may be fully informed as to the bases of his decision when it is made." *Roberts v. Ross*, 344 F.2d 747, 751 (3d Cir. 1965). *Accord, Leighton v. One William Street Fund, Inc.*, 343 F.2d 565, 567 (2d Cir. 1965).

This court has likewise stressed the necessity, for purposes of appellate review, of knowing the basis of the trial court's judgment. *See State v. Williams*, 85 Wn.2d 29, 31–32, 530 P.2d 225 (1975); *State v. Wilks*, 70 Wn.2d 626, 424 P.2d 663 (1967); *Groff v. Department of Labor & Indus.*, 65 Wn.2d 35, 40, 395 P.2d 633 (1964); *In re Quincy Columbia Basin Irrigation Dist.*, 63 Wn.2d 115, 385 P.2d 715 (1963); *Mertens v. Mertens*, 38 Wn.2d 55, 227 P.2d 724 (1951).

Cases that have been remanded for the sole purpose of making findings and conclusions emphasize the inability of appellate courts to review a trial court decision when the basis for that decision is unknown. *See, e.g., State v. Wilks, supra; State v. Chakos*, 74 Wn.2d 154, 443 P.2d 815 (1968); *Old Windmill Ranch v. Smotherman*, 69 Wn.2d 383, 418 P.2d 720 (1966); *Opendack v. Madding*, 69 Wn.2d 171, 417 P.2d 849 (1966); *State v. Helsel, supra; Gnash v. Saari*, 44 Wn.2d 312, 267 P.2d 674 (1954); *Mertens v. Mertens*,

*supra; Wold v. Wold,* 7 Wn. App. 872, 503 P.2d 118 (1972); *Mayes v. Emery,* 3 Wn. App. 315, 475 P.2d 124 (1970).

Knowing the basis for the trial court's ruling has been held equally important subsequent to a suppression of evidence hearing. When the trial court is presented with two or more alternative grounds for suppression, and the motion is granted, an appellate court would either not be able to review, or be handicapped in reviewing, a ruling or decision if it did not know upon which ground the motion was granted. Thus it has been held in Oregon that "where a motion to suppress raises more than one contention . . . and the trial court is persuaded to grant the motion on one or more of the grounds raised, then the trial court must state the basis of its decision." *State v. Johnson,* 16 Ore. App. 560, 571, 519 P.2d 1053 (1974). *See also People v. Duncan,* 176 Colo. 427, 498 P.2d 941 (1971); *People v. Steele,* 29 Ill. App. 3d 574, 331 N.E.2d 175 (1975); *State v. Basden,* 8 N.C. App. 401, 407, 174 S.E.2d 613 (1970).

Many, many other courts, while recognizing that findings and conclusions subsequent to a suppression of evidence hearing are not required by statute or rule, have nevertheless held them to be the "better practice" and very "desirable." *See, e.g., United States v. Heimforth,* 493 F.2d 970 (9th Cir.), *cert. denied,* 416 U.S. 908, 40 L. Ed. 2d 113, 94 S. Ct. 1615 (1974); *United States v. Jones,* 475 F.2d 723, 728 (5th Cir.), *cert. denied,* 414 U.S. 841, 38 L. Ed. 2d 77, 94 S. Ct. 96 (1973); *United States v. Sicilia,* 457 F.2d 787, 788 (7th Cir. 1972); *United States v. Montos,* 421 F.2d 215, 219 n.1 (5th Cir. 1970); *United States v. Vickers,* 387 F.2d 703 (4th Cir. 1967); *People v. Duncan, supra; People v. Vigil,* 175 Colo. 373, 489 P.2d 588 (1971); *Espinoza v. People,* 178 Colo. 391, 497 P.2d 994 (1974); *State v. Thomas,* 332 So. 2d 87 (Fla. Dist. Ct. App. 1976); *State v. Hysell,* 281 So. 2d 417 (Fla. Dist. Ct. App. 1973); *People v. Bonds,* 26 Ill. App. 3d 703, 325 N.E.2d 388 (1975); *State v. Brant,* 150 N.W.2d 621 (Iowa 1967); *Commonwealth v. Forrester,* 365 Mass. 35, 309 N.E.2d 190 (1974); *People v. Russo,* 45 App. Div. 2d 1040, 357 N.Y.S.2d 890 (1974); *State v.*

*Hughes,* 20 Ore. App. 493, 532 P.2d 818 (1975). *See also* 3 Wright & Miller, *Federal Practice and Procedure* § 675, at 130 (1969).

Although findings and conclusions after a motion to suppress evidence hearing are merely called the "better practice," courts have nevertheless remanded cases for the sole purpose of discovering the reasons for the trial court's decision and making adequate appellate review of that decision possible. *See, e.g., United States v. Heimforth, supra; United States v. Sicilia, supra; State v. Thomas, supra.*

We agree that, even though presently not required by rule, it is the better practice, and often essential, for the trial court to set forth in writing the reasons of fact and law for its ruling on a motion for suppression of evidence.

We could, no doubt, by this decision, hold that findings of fact and conclusions of law must be entered following a hearing on a motion to suppress evidence. *Cf. State v. Jack,* 87 Wn.2d 467, 553 P.2d 1347 (1976); *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975). In the instant case, however, the trial court entered findings and conclusions, although not required so to do, so that such a holding would be unnecessary to the disposition of the appeal. We think the better practice is to exercise our rule–making power as we did in CrR 3.5(c), CrR 7.6(d) and CR 59(f) and provide for such findings and conclusions in the form most helpful for purposes of appellate review in making disposition of rulings on suppression of evidence motions. The matter is presently under consideration. The question of the effect to be given to such findings and conclusions on appellate review will have to await future developments.

This case in its present posture, however, requires the affirmance of the judgment of reversal entered by the Court of Appeals.

It is so ordered.

WRIGHT, C.J., and HAMILTON, STAFFORD, UTTER, BRACH-TENBACH, and DOLLIVER, JJ., concur.

Hicks, J. (dissenting)—I do not agree that this case should have been accepted for review on the single issue of whether a trial court should enter findings of fact and conclusions of law after a suppression of evidence hearing under CrR 4.5. In my view, the Court of Appeals was in error when it reversed the trial court for suppressing certain evidence.

For at least half a century, it has been the policy in Washington "that it is beneath the dignity of the state, and contrary to public policy, for the state to use for its own profit evidence that has been obtained in violation of law." *State v. Buckley,* 145 Wash. 87, 89, 258 P. 1030 (1927). In this case the State obtained its evidence in violation of law. The trial court suppressed the evidence thus obtained and said in relation thereto:

> Although time was short under these facts and circumstances, there was time to give an oral, telephonic, or recorded affidavit and obtain a search warrant, or at least to make an attempt to do so. No such warrant was obtained or attempt made, though the same was required by law.

*State v. Agee,* 15 Wn. App. 709, 715, 552 P.2d 1084 (1976).

The Court of Appeals reversed on two grounds: (1) the police were not required to ask the informant if he was lawfully in the house he called from, and (2) there were exigent circumstances excusing the necessity of obtaining a search warrant.

Perhaps the police were not required to ask their informant if he was lawfully in the house, but in their failure to do so they took the risk that he was not legally there. The informant, in fact, was unlawfully in the house and as a consequence of that condition the police officers were equally unlawfully there.

*United States v. Luciow,* 518 F.2d 298 (8th Cir. 1975) cited by the Court of Appeals in *Agee,* at page 714, is distinguishable from this case. There, the trespassing informant's information was used to obtain a search warrant. There, the officer at least had color of authority to go upon

the premises. Here, they had none and they had made no attempt to utilize the means authorized by CrR 2.3(c)[2] to obtain authority. Absent such an attempt, I am unwilling to find the trial court erred in determining that insufficient exigent circumstances existed to excuse the warrantless entry of the house concerned. It is for such a situation as this case that CrR 2.3(c) was designed.

The trial court's suppression of evidence should have been sustained.

ROSELLINI, J., concurs with HICKS, J.

---

[2]CrR 2.3(c) reads in part as follows:

"A warrant shall issue only on an affidavit or affidavits establishing the grounds for issuing the warrant. Such affidavit or affidavits may consist of an officer's sworn telephonic statement to the judge; provided, however, such sworn telephonic testimony must be electronically recorded by the judge on a recording device in the custody of the judge at the time transmitted and the recording shall be retained in the court records and reduced to writing as soon as possible thereafter."