[No. 16690–5–I. Division One. December 23, 1985.]

JACK OLSEN, *Petitioner,* v. DAVID ALLEN,
ET AL, *Respondents.*

*Cartano, Botzer, Larson & Birkholz* and *J. Jeffrey Dudley,* for petitioner.

*Lane, Powell, Moss & Miller* and *David C. Lycette,* for respondents Allen, et al.

*Lembhard G. Howell,* for respondent Bennett.

*Terrence Kellogg,* for respondent Coe.

PER CURIAM.—Jack Olsen has filed a motion for discretionary review of a trial court order requiring disclosure of information collected by him while writing a book. A commissioner has referred the motion to a panel. We grant review, vacate the discovery order and remand for further proceedings.

Olsen is the author of *"Son" A Psychopath and His Victims,* a book about F. H. "Kevin" Coe and a series of rapes which occurred in Spokane. Olsen sued David Allen and Richard Hansen, Coe's lawyers. Olsen's complaint alleged a number of causes of action generally sounding in libel and interference with a contractual relationship. The basis of the action against Allen and Hansen is a letter which Hansen wrote to the Ladies' Home Journal regarding the proposed publication by that magazine of portions of Olsen's book. The letter is alleged to have contained false and defamatory statements which resulted in the magazine's decision not to publish Olsen's work.

During the course of discovery, Allen and Hansen sub-

mitted various interrogatories and requests for production to Olsen. Objections were made and eventually Allen and Hansen obtained an order compelling discovery. The order directs that Olsen disclose the identity of all persons contacted or interviewed in connection with the investigation, research, and writing of his book, and that he produce any materials generated in conjunction with this research. It is that order and the denial of a subsequent motion for reconsideration and stay of proceedings which are on appeal. The issue presented is whether the trial court committed obvious or probable error in compelling discovery without a protective order.

Olsen argues that he is entitled to a reporter's privilege. He maintains that much of his information was given to him by Coe's victims and others under a promise of confidentiality. At least one of Olsen's sources has expressed concern that the source's identity might be disclosed to Coe's lawyers. Olsen also argues that the information sought is irrelevant, that discovery is burdensome and oppressive, that discovery is really sought for use by Allen and Hansen in their continued representation of Coe, and that the source material has proprietary commercial value. In resisting the motion, Olsen requested that the trial court issue a protective order.

We hold that the trial court erred in not determining whether a privilege exists and in failing to articulate its consideration of the competing concerns of the parties and its reasons for denying the request for a protective order.

Washington recognizes a common law newsman's privilege. *State v. Rinaldo,* 102 Wn.2d 749, 689 P.2d 392 (1984). Olsen claims such a privilege. *Rinaldo* sets forth four conditions necessary to establish the existence of a privilege. From the record before us we do not know whether the trial court did or did not find a privilege or made any determination as to its scope. We therefore remand for consideration of this issue.

Moreover, we cannot tell from this record whether the trial court considered issuance of a protective order and

what reasons there were, if any, for not granting Olsen's request for such an order. In cases where discovery is sought and resisted, the trial court must weigh a litigant's need for information against the harm that a party resisting discovery alleges will flow from its disclosure. *See Rhinehart v. Seattle Times Co.,* 98 Wn.2d 226, 654 P.2d 673 (1982), *aff'd,* 467 U.S. 20, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984). Of particular concern here are the problems discovery may cause for those individuals whose only connection with this litigation comes from confidences they have shared with Olsen under a belief that they would be permitted to remain anonymous.

In evaluating whether a newsman's privilege exists and its scope and whether the competing considerations of the parties require issuance of a protective order, the trial court must also make a record sufficient to allow meaningful appellate review. Accordingly, findings of fact and conclusions of law are appropriate here. *See State v. Agee,* 89 Wn.2d 416, 573 P.2d 355 (1977).

The order compelling discovery is vacated, the stay granted by the commissioner is dissolved, and the case is remanded for further proceedings consistent with this opinion.